NO. 07-11-00511-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 29, 2012

_____

IN THE INTEREST OF B.W.F., A CHILD

_____

FROM THE COUNTY COURT AT LAW NO. 2 OF RANDALL COUNTY;

NO. 8017-L2; HONORABLE JACK GRAHAM, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, C.W.K., appeals the trial court's order terminating his parental rights to his daughter, B.W.F.[1]  He presents one issue on appeal.  We will affirm.

Background and Procedural Facts

Appellant does not challenge the sufficiency of the evidence to support the order of termination.  We will discuss only those facts necessary to the disposition of appellant's appellate issue.  B.W.F., a female, was born on June 11, 2010.  The next day, the Texas Department of Family and Protective Services ("the Department") received a report of the newborn's exposure to drugs.  When the infant was released

_____

[1]To protect the parent's and child's privacy, we refer to them by their initials.  *See* Tex. Fam. Code Ann. § 109.002(d) (West 2008); Tex. R. App. P. 9.8(b).

from the hospital, the Department placed her in foster care. On June 14, 2010, the Department filed its original petition seeking relief that included termination of parental rights of both parents. On June 23, 2010, temporary orders were signed naming the Department temporary managing conservator. Those orders contained a provision setting a trial date for the case of May 10, 2011. Appellant signed the temporary orders agreeing to their terms. The following day, appellant and the child's mother signed a Family Service Plan acknowledging the tasks they would need to perform to obtain the return of their child.

Between November 2010 and June 2011, the trial court held four permanency hearings. At the first permanency hearing, the court set an original dismissal date[2] of June 20, 2011. Each of the four permanency hearing orders recites that appellant did not appear. On a date not stated in the record before us, but at a point between the first and second permanency hearings, counsel was appointed for the child's mother. Counsel was not appointed for appellant.

On June 10, 2011, appellant was incarcerated in the Randall County Correctional Center, following his arrest on a charge of aggravated assault with a deadly weapon. He remained in jail through the final hearing in the termination proceeding.

On June 20, the trial court signed an order retaining the termination proceeding on its docket. *See* Tex. Fam. Code Ann. § 263.401(b) (West Supp. 2011). The

---

[2] *See* Tex. Fam. Code Ann. § 263.401(a) & (b) (West Supp. 2011) (court may retain the suit on the court's docket for a period not to exceed 180 days after the first Monday after the first anniversary of the date the court rendered a temporary order appointing the Department as temporary managing conservator).

2

retention order established a new dismissal date of December 17, 2011. On June 27, 2011, the Department filed an amended petition.

On October 20, 2011, the trial court signed a notice of trial setting, advising the parties that a trial on the merits was scheduled for November 29, 2011. Both parents appeared for trial. B.W.F.'s mother appeared individually and by her court-appointed attorney and signed an affidavit of voluntary relinquishment. Based on that affidavit, the trial court entered an order terminating her parental rights. That order was not appealed.

On the date of trial, appellant appeared, voiced his objection to the termination of his parental rights, and requested appointed counsel to oppose the termination.[3] The trial court appointed counsel and reset the trial for December 13. The next day, on November 30, appellant's appointed counsel filed an answer to the termination suit and on December 13, the rescheduled date of trial, he filed and argued a motion to dismiss the proceedings, asserting that his appointment to represent appellant at the "eleventh hour" effectively denied appellant the right to counsel. Alternatively, counsel requested a continuance. The motion was denied and the final hearing to terminate appellant's parental rights continued that day. At the conclusion of the hearing, the trial court found termination was proper under subsections 161.001(1)(D), (E), and (O) of the Family Code and termination was in the best interest of B.W.F. Tex. Fam. Code Ann. § 161.001(1)(D), (E), and (O) (West 2011). This appeal followed.

---

[3] The appellate record does not contain a reporter's record of the November 29, 2011 hearing.

3

Analysis

The statement of appellant's issue in his brief on appeal reads:

Appellant did not receive proper legal notice of a final hearing pursuant to Texas Rule of Civil Procedure 245; therefore, he was denied due process of law in violation of his Fourteenth Amendment rights.

Appellant's argument on appeal focuses on the requirement of Texas Rule of Civil Procedure 245 of "reasonable notice of not less than forty-five days to the parties of a first setting for trial." Tex. R. Civ. P. 245. His brief quotes his counsel's argument to the trial court that because of his "eleventh hour" appointment, he did not have "my forty-five days' notice." He cites several cases, including *Blanco v. Bolanos*, 20 S.W.3d 809 (Tex.App.—El Paso 2000, no pet.), for the proposition that failure to comply with Rule 245 in a contested case deprives a party of his constitutional right to be present and voice his objections, resulting in a violation of due process.

We find appellant's argument unpersuasive, primarily because the 45-day notice requirement does not apply, either to the November 29 or December 13 trial dates. Neither was the first setting for trial. As noted, the court's temporary orders contained a trial setting for May 2011, of which appellant undisputedly had notice. The November 29 setting, and the December 13 continued setting, were subsequent settings subject to the requirement for "reasonable notice." *See Osborn v. Osborn,* 961 S.W.2d 408, 411 (Tex.App.—Houston [1st Dist.] 1997, pet. denied) (when the setting in question is not the first setting, parties are entitled to reasonable notice under rule 245); *State Farm Fire & Cas. Co. v. Price*, 845 S.W.2d 427, 432 (Tex.App.—Amarillo 1992, writ dism'd by agr.) (by "the clear language of rule 245," forty-five day notice applies only to first setting of

the trial); *In re R.M.R.*, No. 04-09-00253-CV, 2009 Tex. App. LEXIS 9356, at *9-10 (Tex.App.--San Antonio Dec. 9, 2009, pet. denied) (mem. op.) (applying Rule 245 in similar fashion in parental rights termination case).

If we read appellant's argument to include a contention the fourteen days' notice given him and his newly-appointed counsel of the December 13 continued setting was not reasonable, and even if we assume *arguendo* such notice was not reasonable, we still are unable to agree reversible error is presented. To obtain reversal of a judgment based on an error in the trial court, an appellant must show that (1) the error occurred and (2) it probably caused rendition of an improper judgment, or probably prevented the appellant from properly presenting the case to the appellate court. Tex. R. App. P. 44.1(a); *Romero v. KPH Consolidation, Inc.*, 166 S.W.3d 212, 220 (Tex. 2005); *Tex. Dep't of Human Services v. White,* 817 S.W.2d 62, 63 (Tex. 1991).

The Fort Worth court of appeals addressed a similar situation in *In the Interest of E.A.W.S.,* No. 02-06-00031-CV, 2006 Tex.App. LEXIS 10515 (Tex.App.--Fort Worth Dec. 7, 2006, pet. denied) (mem. op.). There, after the State announced at a November 10, 2005, permanency hearing its intention to seek termination of the parent's rights at trial, trial was set for March 14, 2006. The dismissal date for the suit, however, was January 23, 2006. On December 2, 2005, counsel for the parent received an e-mail notification that the termination trial was rescheduled for December 15, 2005. At a December 12 hearing on his motion for a continuance, counsel asserted he had inadequate time to prepare for a termination trial and to conduct discovery on the termination issues. He also argued the notice was unreasonable given the State's recent change in plan from permanent placement to termination. *Id.* at *13. The trial

5

court denied the continuance. On appeal, the Fort Worth court agreed with the parent's contention that the case became contested when the State announced its decision to seek termination. The original March 2006 trial setting would have given the required 45-days notice for the newly-contested case. By rescheduling the trial for December 15, however, thus reducing the notice to thirteen days, the trial court abused its discretion. Proceeding to a consideration of the harm shown, the court of appeals found the parent had not shown how denial of 45-days' notice of the contested trial resulted in harm. It noted instead that the reasons given for the need for more trial preparation time were merely general references to discovery, sufficient time to meet with the client and additional preparation time for trial. *Id.* at *29.

We find the same is true here. Arguing to the trial court, appellant's counsel said fourteen days was insufficient time to prepare for a termination case and stated he had not had time to conduct discovery or properly investigate the case. He said he had done some research, but "there's more that could be done." Those general statements, however, do not demonstrate that the two-week preparation time given counsel probably caused the rendition of an improper judgment, or prevented appellant from presenting his case on appeal.[4] *See also In re Baby Boy R.*, 191 S.W.3d 916, 922-23 (Tex. App.--Dallas 2006, pet. denied) (similarly holding that even if court abused its discretion by not granting continuance, father facing termination of parental rights failed to show how this probably caused the rendition of an improper judgment).

---

[4] We note appellant's brief on appeal does not present an argument regarding harm.

6

Appellant took the witness stand at the December 13, 2011 trial. Appellant candidly admitted he did not complete all of the services required in the Department's service plan. Appellant also admitted he did not abstain from using illegal drugs and did not dispute he tested positive for cocaine on two occasions and hydrocodone on one occasion during the pendency of the case.

For these reasons, we resolve appellant's sole issue against him and affirm the judgment of the trial court.

James T. Campbell
Justice

Pirtle, J., dissenting.

7