Troy WRIGHT and Joan
Wright, Appellants,

v.

Rhea WALLACE, Appellee.

No. 13–85–057–CV.

Court of Appeals of Texas,
Corpus Christi.

Oct. 24, 1985.

Rehearing Denied Nov. 14, 1985.

Weldon Parkhill, Grand Prairie, for appellants.

Hal T. Thorne, Grand Prairie, for appellee.

Before KENNEDY, UTTER and SEER-DEN, JJ.

OPINION

KENNEDY, Justice.

This is a summary judgment case. Appellee, as record owner, brought suit to evict appellants. Appellants asserted title under the ten-year statute of limitations as an affirmative defense. Appellee's motion for summary judgment awarding title to appellee as record owner was granted. Appellants bring one point of error asserting that there is a fact issue. We affirm the judgment of the trial court.

The rule is that, where the plaintiff moves for summary judgment in an action in which the defendant has pled an affirmative defense, he is entitled to have his summary judgment if he demonstrates by evidence that there is no material factual issue upon the elements of his claim, unless his opponent comes forward with a showing that there is such a disputed fact issue upon the affirmative defense. *Hudnall v. Tyler Bank and Trust Co.*, 458 S.W.2d 183 (Tex.1970); *Gulf, Colorado & Santa Fe Railway Co. v. McBride*, 159 Tex. 442, 322 S.W.2d 492 (1958).

The summary judgment evidence in this case consisted of two affidavits, that of appellants Troy and Joan Wright and that of appellee Rhea Wallace. Omitting the formal parts, the affidavit of appellee is as follows:

On June 22, 1969, I purchased the property made the subject matter of this suit, as more specifically identified in attached Exhibit "A." I hereby certify that the Warranty Deed attached hereto as Exhibit "A" is a true and correct copy of the warranty deed that conveyed the property to me.

After I purchased this property, the Defendants came to me and requested that they be allowed to remain on the property. I agreed with this and permitted the Defendants to rent this property from me.

Also attached to this affidavit as Exhibits "B" and "C" are true and correct copies of a closing statement and title insurance reflecting myself as owner of the property made the subject matter of this suit.

Omitting the formal parts, the affidavit of appellants is as follows:

That they have lived on the property in question for a period in excess of 25 years and that in an oral arrangement for refinancing of the property in question with Rhea Wallace, C.P. Waggoner, and Citizen's Savings & Loan Association, which occurred on or about June 20, 1969, it was agreed that the undersigned would have peaceable and adverse possession of the property in question, would cultivate same, would use and enjoy same, and would openly and notoriously occupy the premises and they held same out to Rhea Wallace and the general public that they were the owners of the property in question for all purposes.

That Exhibit "1" referred to in Defendant's Answer to Plaintiff's Motion for Summary Judgment was a memorandum of the oral agreement between the parties.

That they have never looked upon Plaintiff, Rhea Wallace, as the owner of the property, have not paid any rent to him or agreed to pay rent to him, but only made payments to the savings and loan association in accordance with the oral agreement between them.

Further, even though the affiants did not sign the note which refinanced the property in question, the Citizen's Savings and Loan Association institution placed the note under the names of these affiants and looked upon these affiants to pay same, along with all insurance and taxes. These affiants did make such payments (taxes and insurance, which was in their names, also) as demanded by the Citizen's Savings & Loan Association.

Appellants, in their point of error, argue that there is a fact issue regarding whether title by limitations passed to them. Although both parties refer to depositions in their Motions for Summary Judgment and Answer, as well as in the briefs, we find that there are no depositions filed in this Court, and therefore, they cannot be considered by this Court as a part of the summary judgment evidence. Relying only on the evidence of the affidavits as cited above, we find that there is not a fact issue and that the judgment of the trial court should be affirmed.

In *Ramirez v. Wood*, 577 S.W.2d 278 (Tex.Civ.App.—Corpus Christi 1979, no writ), this Court held:

Under the ten year statute, it is incumbent upon a claimant to show affirmatively: 1) possession of the land; 2) cultivation, use, or enjoyment thereof; 3) an adverse or hostile claim; and 4) an exclusive domination over the property and an appropriation of it for his own use and benefit for the statutory period. Tex. Rev.Civ.Stat.Ann. art. 5510 (1958) . . .

*Ramirez v. Wood*, 577 S.W.2d at 2&7. It is undisputed that appellants had 1) possession of the land and 2) cultivation, use, or enjoyment thereof. Appellee admits this in his affidavit. The dispute is whether appellants displayed 3) an adverse or hostile claim, and 4) an exclusive domination over the property and an appropriation of it for

their own use and benefit for the statutory period.

Possession of land by adverse claimants who began their entry upon the disputed land with the permission of the record owner cannot establish adverse possession unless and until they give notice of the hostile nature of their possession. *Schultz v. Shatto,* 150 Tex. 130, 237 S.W.2d 609 (1951); *Runnels v. Whitfield,* 593 S.W.2d 388 (Tex.Civ.App.—Texarkana 1979, no writ); *Keels v. Keels,* 427 S.W.2d 913 (Tex.Civ.App.—Tyler 1968, no writ); *Watson v. Druid Hills Co.,* 355 S.W.2d 65 (Tex.Civ.App.—Dallas 1962, writ ref'd n.r.e.); *Jones v. Adkins,* 281 S.W. 299 (Tex.Civ.App.—Waco 1926, writ dism'd). Appellants, at one point in their affidavit, assert that "it was agreed that the undersigned (meaning appellants) would have peaceable and adverse possession of the property in question...." If there was an agreement as to possession of the property, then possession of the property can be neither adverse nor hostile. *See* BLACK'S LAW DICTIONARY 49 (5th ed. 1979). Appellants later state in their affidavit that "they held same out to Rhea Wallace and the general public that they were the owners of the property in question for all purposes." Appellants allege they held out to appellee as to the hostile nature of their possession of the property, but their affidavit does not state that their appropriation of it for their own use was for the statutory period. Appellants claim they entered into an agreement with appellee on June 20, 1969, that they would have "adverse possession" of the property. If there was an agreement as to the initial possession of the property, which contradicts any adverse or hostile nature, then appellants cannot establish adverse possession unless and until they give notice of the hostile nature of their possession. The evidence does not show *when* appellants gave appellee notice. Therefore, appellants have failed to show an appropriation for the required statutory period.

Even if appellant had stated in his affidavit the date on which he had "held same out to Rhea Wallace and the general public

that they were the owners of the property in question for all purposes," we would still affirm the judgment. That portion of the affidavit just quoted represents merely a legal conclusion and is insufficient to raise a fact issue in a summary judgment hearing. *Ellis v. Jansing,* 620 S.W.2d 569 (Tex. 1981); *see also Cotton v. Ratholes, Inc.,* 699 S.W.2d 203 (1985) (per curiam).

The judgment of the trial court is AFFIRMED.