NUMBER 13-03-057-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
                                                                                                                      

WESTERN RIDERS LEASING, INC. 
AND ALANZO ROY GRAHAM,                        Appellants,

v.
 
FACEY ENTERPRISES NV, LTD,                                               Appellee.
                                                                                                                                      

On appeal from the 117th District Court of Nueces County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Garza
Opinion by Justice Garza

          This is an appeal from a summary judgment in a suit for declaratory judgment,
injunctive relief and to quiet title to certain real property. The trial court rendered judgment
for appellee, Facey Enterprises NV, Ltd. In two issues, appellants, Western Riders
Leasing, Inc., and Alanzo Roy Graham, contend that the trial court erred in (1) granting
appellee’s motion for summary judgment and (2) granting appellee greater relief than
requested in the petition. We affirm.
Motion for Summary Judgment
          In their first issue, appellants contend the trial court erred in granting appellee’s
motion for summary judgment. We review summary judgments de novo. Natividad v.
Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994); Texas Commerce Bank-Rio Grande
Valley, N.A. v. Correa, 28 S.W.3d 723, 726 (Tex. App.—Corpus Christi 2000, pet. denied). 
To prevail in a traditional motion for summary judgment, the moving party has the burden
of showing that there is no genuine issue of material fact and that it is entitled to judgment
as a matter of law. Tex. R. Civ. P. 166a(c); Cathey v. Booth, 900 S.W.2d 339, 341 (Tex.
1995) (per curiam); Tweedell v. Hochhiem Prairie Mut. Ins. Ass’n, 1 S.W.3d 304, 306 (Tex.
App.–Corpus Christi 1999, no pet.). We take as true all evidence favorable to the non-movant and indulge every reasonable inference in the non-movant’s favor. Trigo v. Munoz,
993 S.W.2d 419, 421 (Tex. App.–Corpus Christi 1999, pet. denied). When reviewing an
order granting summary judgment, the appellate court must also carefully consider the
extent of that order, as a summary judgment cannot be affirmed on appeal if it relies on
grounds that were not expressly set out in the motion or response. Stiles v. Resolution
Trust Corp., 867 S.W.2d 24, 26 (Tex. 1993).
          When a plaintiff files a traditional motion for summary judgment in an action in which
the defendant has pled an affirmative defense such as adverse possession, the plaintiff
is entitled to summary judgment if she demonstrates that there is no material factual issue
regarding the elements of her claim, unless the defendant shows there is a disputed fact
issue regarding the affirmative defense. Bauer v. Jasso, 946 S.W.2d 552, 555 (Tex.
App.–Corpus Christi 1997, no writ). Defendants must do more than assert factually-unsupported legal conclusions in order to raise a fact issue in a summary judgment
hearing, and must provide admissible evidence having probative force in order to defeat
the motion. See Ellis v. Jansing, 620 S.W.2d 569, 571 (Tex. 1981); Alvarado v. Old
Republic Ins. Co., 951 S.W.2d 254, 261 (Tex. App.–Corpus Christi 1997, writ denied) (“A
legal conclusion is inadequate as summary judgment proof in the absence of supporting
facts and reasoning.”); see also Wright v. Wallace, 700 S.W.2d 269, 271 (Tex.
App.–Corpus Christi 1985, writ ref’d n.r.e.) (appellant’s affidavit “represents merely a legal
conclusion and is insufficient to raise a fact issue in a summary judgment hearing”). 
          The parties in the underlying dispute own adjacent parcels of real property in
Nueces County, Texas. Appellee claimed in its petition and its traditional motion for
summary judgment that appellants were unlawfully trespassing on its property by using and
building upon an approximately fifty-foot-wide stretch of land running along the northern
border of appellants’ property and the southern edge of appellee’s property. In support of
its claim, appellee provided copies of the deeds to the two properties, which describe their
exact location and boundaries. Appellee also provided affidavits from a professional land
surveyor noting the extent of the encroachments on appellee’s property and from
appellee’s vice president affirming that appellee has not consented to such use of its
property by appellants. In their response, appellants asserted that the disputed land was
in fact the property of Alanzo Roy Graham pursuant to his acquisition of the property
through his open, continuous, hostile and notorious occupation and use for fourteen years. 
In support of their assertion of adverse possession, appellants attached only an affidavit
from Graham. In its entirety, Graham’s affidavit noted his age and residency, asserted that
he was aware of the property in dispute, and then concluded with the following three
statements:
I am an officer of Western Riders Leasing, Inc. They have never asserted
an interest in the disputed strip of land but occupy that land presently by my
leave and with my knowledge;
 
I claim ownership of said strip of disputed land through adverse possession
and assert that I occupied said land in an open, hostile, continuous and
notorious manner for the past fourteen (14) years; 
 
In preparation for trial, I am gathering information which will be presented in
the form of sworn testimony from many witnesses at trial proving that I did
in fact occupy and use the disputed real property in such an open, hostile,
continuous and notorious manner. 
          The trial court disagreed with the statements in the affidavit and found that
appellants had no interest in or right to possession of any part of appellee’s land. We
agree with the trial court’s finding. Appellants did not provide any facts in support of their
affirmative defense of adverse possession. Graham’s affidavit, which was the only
evidence appellants presented in defense of the motion for summary judgment, represents
legal conclusions only and is insufficient to raise a fact issue in response to the motion for
summary judgment. See Alvarado, 951 S.W.2d at 261; Wright, 700 S.W.2d at 271. While
Graham states that he is “gathering information” in support of his claim, this statement is
unsupported by the record, as appellants have not moved for a continuance or sought
leave to file any additional affidavits or other summary judgment evidence. We conclude
no fact issue is raised by Graham’s affidavit and the judgment of the trial court should be
affirmed. Accordingly, appellants’ first issue is overruled. 
 
Extent of Relief
          In their second issue, appellants complain that the trial court erred in giving greater
relief than what was prayed for in the operative pleading. 
          In reviewing a summary judgment, this Court must overturn the trial court’s decision
if it does not rely on grounds that were expressly set out in the motion or response. Stiles,
867 S.W.2d at 26. A judgment must conform to the pleadings. See Tex. R. Civ. P.
166a(c), 301. Parties may amend their pleadings at any time up to seven days before the
trial date, or within seven days of trial with leave of the judge. Tex. R. Civ. P. 63. The most
recent substituted pleading takes the place of all earlier pleadings, and the earlier versions
are to be disregarded by the court. Tex. R. Civ. P. 65; see Borden, Inc. v. Guerra, 860
S.W.2d 515, 526 (Tex. App.–Corpus Christi 1993, writ dism’d by agr.). A party may amend
or alter its petition after a motion for summary judgment has been filed but before the
motion has been heard; at the hearing, the most recent petition is to be considered the live
pleading by the trial court, regardless of what petition was live at the time the motion for
summary judgment was filed. See Lawson v. Family Violence & Sexual Assault Prevention
Ctr., 64 S.W.3d 506, 510 n.2 (Tex. App.–Corpus Christi 2001, pet. denied); see also
Goswami v. Metropolitan Sav. & Loan Ass’n, 751 S.W.2d 487, 490-91 (Tex. 1988). 
          At the time appellee filed its motion for summary judgment, its live pleading was its
third amended petition. Seven days prior to the summary judgment hearing, appellee filed
its fourth amended petition, which was the live pleading at the time of the hearing. 
Appellee’s prayer for relief in its summary judgment motion requested that judgment be
entered “as prayed in Plaintiff’s Petition.” We have reviewed appellee’s fourth amended
petition and the judgment of the trial court. The judgment does not award any relief
beyond what was sought in the fourth amended petition, i.e., declaratory and injunctive
relief and quieting of title. Accordingly, we overrule appellants’ second issue.
          The judgment of the trial court is affirmed.  
 _______________________
                                                                                      DORI CONTRERAS GARZA,
                                                                                      Justice
 
Opinion delivered and filed 
this the 3rd day of June, 2004.