Maria BERNAL and Manuela
Garcia, Appellants,

v.

Esther CHAVEZ, Appellee.

No. 08–04–00349–CV.

Court of Appeals of Texas,
El Paso.

Feb. 9, 2006.

 ·

Alfredo Ortiz, San Antonio, for appellants.

Lilly A. Plummer, Odessa, for appellee.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

ANN CRAWFORD McCLURE, Justice.

Maria Bernal and Manuela Garcia appeal a judgment awarding title and possession of certain real property to Esther Chavez. For the reasons that follow, we reform the judgment and affirm the judgment as reformed.

### FACTUAL SUMMARY

In 1983, Esther Chavez and her husband, Ricardo Chavez, moved a mobile home onto a parcel of land in Pecos County. The land was a gift from Ricardo's parents, Paula and Jose Chavez, but no deed was ever executed. Esther and Ricardo established electric service in 1983. In addition to making improvements to the mobile home, they also made improvements to the real property, including fencing and landscaping. The final appraisal roll of property in the Pecos County appraisal district for 1992, 1993, and 1994 reveals the names of both Jose Chavez and Richard Chavez in connection with this property. When Esther and Richard divorced in 1996, Esther was awarded the "mobile home situated on 20 acres [1] in the Mesa View Division of the City of Fort Stockton." Esther paid the property taxes until 1996 when the statements "stopped coming to [her]." With the exception of a six month period when she lived in Del Rio, Esther and her children lived continuously on the property. Even during that period of time, Esther returned to the property on weekends.

Manuela Garcia lived in a nearby house. She had known Esther since 1992 and was aware that she lived on the property. A deed introduced into evidence reflects that on September 13, 1996, Esther's former in-laws, Jose and Paula Chavez, conveyed the 11.69 acre property to their daughter, Adel Garcia, as a gift. On January 13, 1998, Adel Garcia deeded the property to her aunt, Manuela Garcia. Manuela began paying the property taxes in 1998.

Esther lived on the property without objection until June 6, 2000, when an attorney sent her a "notice of eviction" letter informing her that Manuela Garcia owned the property. The letter demanded that she remove the mobile home and vacate the property within three days. Esther ignored the letter and continued to live on the property. No further action was taken to evict Esther until 2004.

In 2002, Manuela sold the property to Maria Bernal and Eraclio Bernal for $12,000 and entered into a contract for deed. When Maria told Esther sometime in 2002 that she was buying the property, Esther responded that she owned the land. On April 26, 2004, Esther filed a trespass to try title suit alleging that she had acquired the property by adverse possession. Following a bench trial, the court made the following findings of fact:

1. In 1983, Esther moved onto the real property with her former husband;

---

1. A survey revealed that the parcel actually consisted of 11.69 acres.

2. Esther and her former husband were in continuous possession of the property from 1983 through 1991;

3. Esther was in sole possession of the property from 1991 forward;

4. Esther's adverse claim began in 2002 [2] when Manuela Garcia commenced an eviction action but did not complete it;

5. In 2004,[3] Esther verbally repudiated Maria Bernal's claims to the property;

6. Esther made improvements to the real property beginning in 1983 which include a dwelling, water well, porch, trees, grass, and a pipe fence;

7. The record owner had actual and constructive knowledge of Esther's possession.

The court concluded that Esther had lawful title to and possession of the property and that she had met her burden of proof under Section 16.026 of the Civil Practice and Remedies Code. Consequently, the court entered judgment awarding Esther title and possession of the property and attorney's fees.

## LEGAL AND FACTUAL SUFFICIENCY

In their first three issues, Appellants challenge the legal and factual sufficiency of the evidence supporting the judgment.

### Standards of Review

■ In any case tried to the court without a jury, a party may request findings of fact and conclusions of law. TEX. R.CIV.P. 296. Findings of fact have the same force and dignity of a jury verdict.

*Catalina v. Blasdel,* 881 S.W.2d 295, 297 (Tex.1994); *Gibson v. Bostick Roofing and Sheet Metal Co.,* 148 S.W.3d 482, 489 (Tex. App.-El Paso 2004, no pet.). However, they are not conclusive when a complete reporter's record appears in the appellate record. *Gibson,* 148 S.W.3d at 489. When the trial court acts as a fact finder, its findings are reviewed under legal and factual sufficiency standards. *In re Doe,* 19 S.W.3d 249, 253 (Tex.2000); *Gibson,* 148 S.W.3d at 489. Although a trial court's conclusions of law may not be challenged for factual sufficiency, the appellate court may review the conclusions drawn from the facts to determine their correctness. *Gibson,* 148 S.W.3d at 489.

■ In considering a "no evidence" legal sufficiency issue, we consider only the evidence and inferences that tend to support the findings and disregard all evidence and inferences to the contrary. *See Weirich v. Weirich,* 833 S.W.2d 942, 945 (Tex.1992); *Gibson,* 148 S.W.3d at 489. If any probative evidence supports the factual finding, it must be upheld. *Sotelo v. Gonzales,* 170 S.W.3d 783, 787 (Tex.App.-El Paso 2005, no pet.).

■ "Insufficient evidence" or factual insufficiency involves a finding that is so against the great weight and preponderance of the evidence as to be manifestly wrong. *Id.* In reviewing an issue asserting that a finding is factually insufficient or against the great weight and preponderance of the evidence, we must consider all of the evidence, both the evidence which tends to prove the existence of a

---

2. The evidence established that the first eviction notice was sent in 2000, not 2002. In her petition, Appellee alleged that Appellants had served her with a citation for forceable detainer on March 29, 2004. According to the pleadings, the justice court later determined that it did not have jurisdiction.

3. The evidence established that Appellee verbally repudiated Maria Bernal's claims in 2002, not 2004.

vital fact, as well as evidence which tends to disprove its existence. *Id.* It is for the fact finder to determine the weight to be given to the testimony and to resolve any conflicts in the evidence. *Id.*

### Permissive Entry

■ Appellants contend that the evidence is legally and factually insufficient to establish hostility because Esther's initial entry was permissive and she did not give the record owner notice of the claim until 2000 when she ignored the eviction notice. Adverse possession is "an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person." TEX. CIV.PRAC. & REM.CODE ANN. § 16.021(1) (Vernon 2002); *Rhodes v. Cahill,* 802 S.W.2d 643, 645 (Tex.1990). The test for hostility is whether the acts performed by the claimant on the land and the use made of the land were of such a nature and character as to reasonably notify the true owner of the land that a hostile claim was being asserted to the property. *Masonic Bldg. Ass'n of Houston, Inc. v. McWhorter,* 177 S.W.3d 465 (Tex.App.-Houston [1st Dist.] 2005, no pet.)(not yet reported).

■ Appellants rely on the rule providing that use of another individual's land with the acquiescence of the landowner does not ripen into adverse possession unless the evidence shows that the landowner was given notice of the adverse possession claim. *See Schultz v. Shatto,* 150 Tex. 130, 139, 237 S.W.2d 609, 614 (1951). In other words, possession of land by adverse claimants who began their entry upon the disputed land with the acquiescence of the record owner cannot establish adverse possession unless or until they give notice of the hostile nature of their possession. *Commander v. Winkler,* 67 S.W.3d 265, 269 (Tex.App.-Tyler 2001, pet. denied);

*Wright v. Wallace,* 700 S.W.2d 269, 271 (Tex.App.-Corpus Christi 1985, writ ref'd n.r.e.).

■ Before reviewing the sufficiency of the evidence, we must consider whether Esther, by her pleadings, judicially admitted that her initial entry was permissive. In her live pleadings, Esther alleged that she had been in "actual, notorious, exclusive, hostile, and adverse possession of the real property involved here, under color of title, since 1983," and she paid taxes on the property until 1995. In the same pleadings, Esther asserted that her initial entry was permissive. At trial, Esther testified during cross-examination that her father-in-law made a parol gift of the property, and therefore, she entered the property with his permission. Ordinarily, a party who judicially admits a fact in a live pleading cannot later challenge that fact. *Houston First American Savings v. Musick,* 650 S.W.2d 764, 767 (Tex. 1983). The facts alleged or admitted in the live pleadings of a party are accepted as true by the court and jury and are binding on the pleader. *Id.* at 769. The party relying on his opponent's pleadings as judicial admissions of fact must, however, protect the record by objecting to the introduction of evidence contrary to that admission of fact. *Id.* Because Appellants elicited testimony which contradicted the fact alleged in the pleading, we will not treat it as a binding judicial admission.

■ Esther testified repeatedly that her former father-in-law made a parol gift of the land and she expressly denied that she merely had permissive use of the property. Possession of a donee under a parol gift of land is generally regarded as hostile from its inception and indicates an intent to take as owner. *See Aguirre v. Galvan,* No. 08–00–00084–CV, 2001 WL 225936, at *3 (Tex.App.-El Paso March 8, 2001, no pet.)(not designated for publication);

*Lutcher v. Grant*, 143 S.W. 1190, 1191 (Tex.Civ.App.-Galveston 1911, writ ref'd); *Smith v. Guinn*, 131 S.W. 635, 636 (Tex. Civ.App.1910, writ ref'd). Possession under such a gift is adverse and not permissive because it is unenforceable due to its violation of the statute of frauds. *Aguirre*, 2001 WL 225936, at *3; *see Heard v. Bowen*, 184 S.W. 234, 236 (Tex.Civ.App.-San Antonio 1916, writ ref'd).

The trial court made a number of findings pertinent to Esther's adverse possession claim, but it did not expressly find that Esther's initial entry was merely permissive or that she entered the land adversely based on a parol gift. When findings of fact are filed by the trial court, they shall form the basis of the judgment upon all grounds of recovery and defenses embraced therein. TEX.R.CIV.P. 299. The judgment may not be supported by a presumed finding upon any ground of recovery or defense when no element has been included in the findings; however, when one or more elements thereof have been found by the trial court, omitted unrequested elements, when supported by the evidence, will be supplied by presumption in support of the judgment. *Id.* Because Esther's claim of a parol gift is supported by the evidence at trial, this finding will be presumed in support of the judgment.

■ Esther and her former husband moved a mobile home onto the property in 1983 and began making improvements to the mobile home and the real property. Esther continued to adversely possess the real property after she and her husband separated in 1991 and her adverse possession continued following the divorce in July of 1996. Under these circumstances, the statutory limitations period began running in 1983, more than ten years prior to the gift to Adel Garcia, and Esther continued to adversely possess it thereafter. The

evidence is legally sufficient to support the challenged element.

■ Turning to the factual sufficiency review, Appellants rely on Esther's pleadings and testimony to show that her use and possession of the land was merely permissive. In her original petition, Esther alleged her original entry was permissive. During cross-examination, defense counsel questioned Esther regarding an answer given to an interrogatory:

[Defense Counsel]: Can you read number 18, the question and the answer?

[Esther]: 'Please state the facts or describe the circumstances for petitioner's statement that the 'original entry was permissive.'

Plaintiff had permission from Jose and Paula Chavez.'

\* \* \*

[Defense counsel]: And the answer to this question was that you had permission from Jose and Paula Chavez to go into the property.

[Esther]: Well, Jose gave it to us. Yes. I did have permission from them. Yes.

[Defense counsel]: To go into the property—

[Esther]: To live in the property.

[Defense counsel]: To live in the property.

[Esther]: Yes, I did.

[Defense counsel]: To live in the property. He never gave you a deed or title?

[Esther]: No.

[Defense counsel]: So you admit that he gave you permission to live in the property.

[Esther]: Yes. They gave us the land.

[Defense counsel]: But there's a difference.

[Esther]: They gave us the land with the—we moved the trailer to the land that they gave us.

When Esther's testimony is read as a whole, she never wavered from her position that Jose and Paula Chavez had gifted the property in 1983. Consequently, the evidence is factually sufficient to establish that her possession and use of the property was adverse to the record owner beginning in 1983 and continued to be adverse until the time of trial. Issues One through Three are overruled.

## ATTORNEY'S FEES

 In Issue Four, Appellants argue that the trial court erred in awarding attorney's fees to Esther. Attorney's fees are allowed in adverse possession cases "if the prevailing party recovers possession of the property from a person unlawfully in actual possession." TEX.CIV.PRAC. & REM. CODE ANN. § 16.034(a)(Vernon 2002). To recover attorney's fees, the person seeking possession must give a written demand for that person to vacate the premises at least ten days before filing the claim for recovery of possession. TEX.CIV.PRAC. & REM. CODE ANN. § 16.034(b). Section 16.034 is inapplicable here. Esther does not direct our attention to any other statute which would allow the award of attorney's fees. Accordingly, we sustain Issue Four. We reform the judgment to delete the award of attorney's fees and affirm the judgment as reformed.