

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JUAN MANUEL RIVAS, | § | |
| | | No. 08-12-00228-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 65th District Court |
| SYLVIA V. RIVAS, | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC# 2002CM2706) |
| | § | |

**O P I N I O N**

This is an appeal from a final decree of divorce in which Husband challenges the divestiture of his separate property. The litigants have been before the Court before. In *Rivas v. Rivas*, 320 S.W.3d 391 (Tex.App.--El Paso 2010, no pet.), we reversed a default judgment of divorce on procedural grounds. The case was remanded and following a bench trial, the decree at issue was entered. Because the trial court mischaracterized Husband's separate property as community property and awarded Wife a fifty percent interest therein, we reverse and remand.

**FACTUAL SUMMARY**

Husband and Wife were married on August 29, 1980. Wife filed for divorce in 2002. The parties attempted reconciliation, but separated again on November 7, 2005. According to

1

Wife, Husband worked for the railroad and controlled the money. He paid the bills and took money to Juarez, Mexico every week to "buy land and go to that Ejido that he was with his dad, partnership."

Ejido refers to Ejido Salvarcar Juarez. Rodolfo Rivera testified that he is the president of the association that has possession of lands that were provided by the Mexican government for cultivation. The association was formed in 1931 under temporary provisions provided by the government and established as a permanent association in 1937. Rivera's father was fifteen or sixteen when he became a member. Husband's father, Juan Rivas Ramos, had been a member since 1937. While membership required no dues or contribution toward expenses, each member was required to pay for production of crops. The majority of Juan Rivas Ramos' land was farmed for cotton. Rivera inherited his interest from his father in 1976. Husband inherited his father's rights in 2008.[1] Husband was not required to buy into the association. At the time of trial, he retained an interest in five lots in Ejido. The trial court characterized this property as belonging to Husband's separate estate.

## The Residential Real Estate

Husband's parents bought a home on Hermosillo in 1970. When his mother died, Juan Rivas Ramos inherited the property. When he died, Husband served as the independent executor of the estate. Wife admitted that the house was Husband's separate property, and the trial court so found. She sought reimbursement for community funds used to reduce the mortgage indebtedness, but the trial court did not this grant relief.

Husband and Wife bought a home on Manuel Acosta during marriage. This home was

lost to foreclosure while the default judgment was on appeal. Wife claimed that Husband would not help her obtain refinancing. Husband countered that Wife had been awarded the home in the default decree and he was not ordered to pay the mortgage. Wife sought reimbursement for the lost equity in the home, and the trial court awarded her a money judgment of $50,000. The monies were ordered payable within ninety days of the entry of the decree and were not secured by any lien. Husband does not complain of the money judgment.

Husband's father bought a home on Paseo De Cruz in September 2005 for $198,000 in cash. The home was titled in his name and he had no mortgage. Husband introduced into evidence exhibit R-15, which is a special warranty deed dated September 7, 2007, reflecting Husband as the independent executor of his father's estate. The deed transferred the Hermosillo home and the Paseo De Cruz home from Juan Rivas Ramos' name to Husband's name. Wife admitted at trial that the home was not community property:

> Q: And what are you asking the Court to do in making a just and right division
> … With respect to Paseo De Cruz, you understand that it never got titled in your name, right?
>
> A: I want an equitable lien on Paseo De Cruz.
>
> Q: Reimbursement lien?
>
> A: Reimbursement.
>
> Q: Okay. How much?
>
> A: $100,000.

Wife sought reimbursement for improvements, waste of community assets, and various other things. The trial court did not grant this relief. Instead, it characterized the house as

---

[1] His father died on April 31, 2007.

community property and awarded Wife one-half of the equity in the home as determined by the Central Appraisal District for the year 2012. Husband was ordered to pay the money within ninety days of the entry of the decree. Wife testified at trial that the equity in the home was $208,000, meaning she was awarded $104,000.

### Annuities

The parties agree that a Chase Bank account was opened in November 2005 with $245,000. She affirmatively stated that the money used to purchase the Paseo De Cruz residence came from this account. She also admitted that proceeds from the sale of Mexican property by her father-in-law were deposited into an ING account and that those funds were Husband's separate property. The trial court found that $190,000 in the ING account did belong to Husband's separate estate. Finally, Wife testified that the annuities from Pacific Life and Symetra flowed from the Chase and ING accounts. At trial, Pacific Life was valued at $81,000 while Symetra had a balance of $51,000. She sought half of each account. Husband testified that he had inherited stock from his father. He sold it and opened the Pacific Life and Symetra accounts with the proceeds. He contended that all proceeds in these accounts were separate property, but the trial court characterized them as community property and awarded Wife one-half of each account.

### Issues on Appeal

Husband brings two issues for review, contending that the trial court erred in the characterization of (1) the Paseo De Cruz home and (2) the two annuities. He maintains that because Wife was awarded half of these assets, he has been divested of his separate property which requires reversal. For the reasons that follow, we reverse and remand.

4

## COMMUNITY PROPERTY PRESUMPTION

All property on hand at the dissolution of marriage is presumed to be community property. *Tate v. Tate,* 55 S.W.3d 1, 4 (Tex.App.--El Paso 2000, no pet.); TEX.FAM.CODE ANN. § 3.003(a). It is a rebuttable presumption, requiring a spouse claiming assets as separate property to establish their separate character by clear and convincing evidence. *Id.;* TEX.FAM.CODE ANN. § 3.003(b). Property owned before marriage, or acquired during marriage by gift, devise or descent, is separate property. *Id.;* TEX.FAM.CODE ANN. § 3.002. Where an asset is purchased during marriage with monies traceable to a spouse's separate estate, the asset may appropriately be characterized as separate property. *Pace v. Pace,* 160 S.W.3d 706, 711 (Tex.App.--Dallas 2005, pet. denied).

## FRAMING THE ISSUES

An appeal directed toward demonstrating an abuse of discretion is one of the tougher appellate propositions. Most of the appealable issues in a family law case are evaluated against an abuse of discretion standard, be it the issue of property division incident to divorce or partition, conservatorship, visitation, or child support. While an appellant may challenge the sufficiency of the evidence to support findings of fact, in most circumstances, that is not enough. If, for example, an appellant is challenging the sufficiency of the evidence to support the court's valuation of a particular asset, he must also contend that the erroneous valuation caused the court to abuse its discretion in the overall division of the community estate. Here, however, we are asked to review an alleged characterization error. We must determine not only whether the trial court erred, we must also determine whether the characterization error, if established, caused the trial court to abuse its discretion. These two prongs require first, a showing of error, and second,

5

a showing that the error was harmful. TEX.R.APP.P. 44.1(A)(1) (no judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of probably caused the rendition of an improper judgment).

## Variations on a Characterization Theme

As we said in *Long v. Long*, 234 S.W.3d 34 (Tex.App.--El Paso 2007, pet. denied), three fact scenarios establish the appropriate structure of an appellant's characterization contention. First, suppose Wife claims Blackacre is her separate property and Husband claims the asset is community property. Second, suppose the trial court characterizes it as community property and awards it to Wife. On appeal, Wife must establish error; she must challenge that the characterization is against the great weight and preponderance of the evidence [a factual sufficiency complaint] or that separate property status was established as a matter of law [a legal sufficiency complaint]. She must also establish that the characterization error was harmful—because of the mischaracterization, the overall division of property constitutes an abuse of discretion. *In re Marriage of Morris,* 12 S.W.3d at 884 (mere mischaracterization of separate property as community property does not require reversal; it is appellant's burden to prove that any disparity in the division was caused by the mischaracterization of property and that it was of such substantial proportions that it constituted an abuse of the trial court's discretion); *Magill v. Magill,* 816 S.W.2d 530, 533 (Tex.App.--Houston [1st Dist.] 1991, writ denied)(accord).

Now suppose that given the same fact pattern, the trial court characterizes Blackacre as Wife's separate property and awards it to her. This time, Husband appeals. He must first establish error by challenging the legal or factual sufficiency of the evidence to support the

6

separate property characterization. He must also conduct a harm analysis—because of the mischaracterization, the overall division of property constitutes an abuse of discretion. *Vandiver v. Vandiver,* 4 S.W.3d 300, 302 (Tex.App.--Corpus Christi 1999, pet. denied) (mischaracterization of community property as separate property is not reversible unless the mischaracterization had more than a *de minimus* effect on the just and right division).

It is only in the third scenario that reversible error exists as a matter of law. In this example, Husband claims Blackacre is his separate property and Wife claims it is community property. The trial court characterizes it as community property and awards it to *Wife.* If Husband can establish that Blackacre is his separate property, it is unnecessary to show harm because divestiture of separate property is reversible error. *Eggemeyer v. Eggemeyer,* 554 S.W.2d 137, 140 (Tex. 1977); *In re Marriage of Morris,* 12 S.W.3d at 881. In this singular instance, there is no need to demonstrate that the overall property division constitutes an abuse of discretion. The facts of this appeal fall within the third scenario.

### Standards of Review

We may review a trial court's findings of fact for both legal and factual sufficiency. *BMC Software Belgium, N.V. v. Marchand,* 83 S.W.3d 789, 794 (Tex. 2002); *Catalina v. Blasdel,* 881 S.W.2d 295, 297 (Tex. 1994). In considering a legal sufficiency point, we consider the evidence in the light most favorable to the verdict and indulge every reasonable inference that would support it. *City of Keller v. Wilson,* 168 S.W.3d 802, 810 (Tex. 2005). Even if evidence is undisputed, it is the province of the trier of fact to draw from it whatever inferences it wishes so long as more than one inference is possible. *Id.* at 821. But if the evidence allows only one inference, neither the trier of fact nor the reviewing court may disregard it. *Id.* We are also

7

mindful that the trier of fact is the sole judge of the credibility of the witnesses and the weight to give their testimony. *Id.* at 819. When there is conflicting evidence, it is the province of the trier of fact to resolve such conflicts. *Id.* at 820. In every circumstance in which a reasonable trier of fact could resolve conflicting evidence either way, the reviewing court must presume it did so in favor of the prevailing party, and disregard the conflicting evidence in its sufficiency review. *Id.* at 821. If the evidence at trial would enable reasonable and fair-minded people to differ in their conclusions, then the trier of fact must be allowed to do so. *Id.* at 822. So long as the evidence falls within this zone of reasonable disagreement, we may not substitute our judgment for that of the trier of fact. *Id.* The ultimate test for legal sufficiency is whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review. *Id.* at 827.

In conducting a traditional factual sufficiency review, we consider all the evidence, including that which tends to prove the existence of a vital fact in addition to evidence which tends to disprove its existence. *Bernal v. Chavez,* 198 S.W.3d 15, 18 (Tex.App.--El Paso 2006, no pet.). The trial court's finding of fact must be so against the great weight and preponderance of the evidence as to be manifestly wrong. *Id.* The trier of fact determines the weight to be given to the testimony and resolves any conflicts in the evidence. *Id.* at 19.

But traditional sufficiency review is heightened when the burden of proof is clear and convincing evidence. *In re J.F.C.,* 96 S.W.3d 256, 266–67 (Tex. 2002); *In re C.H.,* 89 S.W.3d 17, 25 (Tex. 2002). In a legal sufficiency review, we look at all the evidence in the light most favorable to the fact finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that the finding was true. *In re J.F.C.,* 96 S.W.3d at 266. In so doing,

8

we must assume that the fact finder resolved disputed facts in favor of its finding if a reasonable fact finder could do so. *Id.* We should disregard all evidence that a reasonable fact finder could have disbelieved or found to be incredible, but this does not mean that we must disregard all evidence that does not support the finding. *Id.* If we determine that no reasonable fact finder could form a firm belief or conviction that the fact is true, then we must conclude that the evidence is legally insufficient. *Id.* In a factual sufficiency review, we must give due consideration to evidence that the fact finder could reasonably have found to be clear and convincing. *Id., citing In re C.H.,* 89 S.W.3d at 25. We are to consider whether disputed evidence is such that a reasonable fact finder could not have resolved the dispute in favor of its finding. *Id.* "If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *In re J.F.C.,* 96 S.W.3d at 266.

**Procedural Posture**

This case proceeds without the benefit of formal findings of fact and conclusions of law. In the absence of findings and conclusions, the judgment of the trial court must be affirmed if it can be upheld on any available legal theory that finds support in the evidence. *Point Lookout West, Inc. v. Whorton,* 742 S.W.2d 277 (Tex. 1987), *In re W.E.R.,* 669 S.W.2d 716 (Tex. 1984); *Lassiter v. Bliss,* 559 S.W.2d 353 (Tex. 1977); *Temperature Systems, Inc. v. Bill Pepper, Inc.,* 854 S.W.2d 669 (Tex.App.--Dallas 1993, no writ). If the appellate court determines the evidence supports a theory raised by the pleadings or tried by consent, then it is presumed that the trial court made the necessary findings and conclusions to support a recovery on that theory.

9

*Lemons v. EMW Mfg. Co.,* 747 S.W.2d 372 (Tex. 1988). These presumptions are tantamount to implied findings. These implied findings can be challenged by legal and factual insufficiency points, provided a reporter's record is brought forward. We proceed accordingly.

## ANALYSIS

The separate property characterization of the Paseo De Cruz home was established as a matter of law. Husband tendered into evidence the deed transferring the property from his father to himself during the probate of the estate. Wife unequivocally testified that she had no legal interest in the home, that it was purchased by her father-in-law, and that it had no mortgage. The relief she sought was an equitable lien upon the home to secure her reimbursement claims. Nevertheless, the trial court found the home to be community property and awarded Wife one-half of the home equity, an amount in excess of $100,000.

We have reviewed all of the evidence in the light most favorable to the community characterization to determine whether a reasonable trier of fact could have formed a firm belief or conviction that the finding was true. *In re J.F.C.,* 96 S.W.3d at 266. We would assume that the fact finder resolved disputed facts in favor of its finding but there were no disputed facts on this issue. Consequently, we must conclude that no reasonable fact finder could form a firm belief or conviction that the property belonged to the community estate and we hold that the evidence is legally insufficient. *Id.* Because the trial court divested Husband of one-half of the home's value, the error is harmful. We sustain Issue One. Because of our disposition of Issue One, it is unnecessary that we address Issue Two. We affirm the granting of the divorce. We reverse and remand for retrial on the division of the community estate.

November 14, 2014                      ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.
Rivera, J., not participating