# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00698-CV

**Appellant, Doreen Rubio// Cross-Appellant, Jamie Walsh**

**v.**

**Appellees, Jamie Walsh; Emmet Walsh; Ellen Thornton, Individually; Ellen Thornton, Trustee; and Ellen Thornton, Trustee// Cross-Appellee, Doreen Rubio**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
NO. D-1-GN-10-004125, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from the judgment of the district court of Travis County quieting title to a house and lot in Austin. This Court will affirm the judgment.

Joan Walsh purchased the house and lot at 11600 Natrona Drive in 1991. Her son, appellee Jamie Walsh, was a student at the University of Texas. The plan was for him to live in the house and take care of his disadvantaged brother who was scheduled to be released soon from a treatment facility. In turn, Jamie was to make the mortgage payments and pay the insurance and taxes (collectively, "mortgage payments").

In 1993 Joan's daughter and Jamie's sister, appellant Doreen Rubio, and her family were living in New Jersey. Doreen's husband Fernando did construction work, but there was not much construction going on in New Jersey. By contrast, there were construction jobs in Austin. Jamie and Joan suggested that Doreen and her family come to Austin, move into the house with

Jamie, and pick up the mortgage payments. Doreen's view was that Joan was giving her the house. Doreen and her family relocated to Texas and moved into the house. Jamie continued to live there for several more months until he moved to Dallas where he had been offered a job.

Doreen and her family settled in at 11600 Natrona Drive. She made the mortgage payments sporadically. From 1993 to 2012, however, the property was posted for foreclosure three times and Joan or Jamie were forced to make the payments.

In 1997, Joan came to Austin and lived with Doreen for several months. She then returned home to New York. Her health soon failed and she died in 1998. At her death, she held record title to the Austin property. Joan's will was probated in New York and then recorded in Travis County. The devisees in the will were Joan's children and Doreen's children.[1]

In 2005, Doreen and her family moved to North Carolina. However, her older son continued to reside at 11600 Natrona Drive. After relocating to North Carolina, Doreen made no further mortgage payments.

In 2010, Doreen filed suit in the district court of Travis County seeking a declaration that title to the property be vested in her. In her trial pleading, she pleaded acquisition of title by the ten-year statute of limitations. *See* Tex. Civ. Prac. & Rem. Code § 16.026. Alternatively, she pleaded that Joan had given her the property. Finally, and in the alternative, she sought reimbursement for all funds spent to maintain and improve the property and for all mortgage payments. Jamie and most of the other devisees were named defendants. Jamie counterclaimed, seeking judgment quieting title to the property in the devisees named in Joan's will.

---

[1] Joan explained in the will that she made no gift to Doreen since she had provided for Doreen's children.

2

Upon trial, the district court rendered judgment for Doreen for $13,450 in reimbursement for expenditures on the property, but denied her all other relief. The judgment then quieted title to the property in the devisees of Joan's will. Neither party requested findings of fact and conclusions of law, and none were filed.[2]

Doreen's principal argument on appeal is that the evidence is legally and factually insufficient to support the district court's denial of her claims of adverse possession and parol gift. Adverse possession is statutorily defined as "an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person." *Id.* § 16.021(1). Parol gift, a creation of common law, has three elements: (1) donative intent; (2) delivery of the property; and (3) acceptance of the property. *Troxel v. Bishop*, 201 S.W.3d 290, 296 (Tex. App.—Dallas 2006, no pet.). One seeking to establish title to land by virtue of adverse possession or parol gift has the burden of proving every fact essential to that claim by a preponderance of the evidence. *Rhodes v. Cahill*, 802 S.W.2d 643, 645 (Tex. 1990); *Troxel*, 201 S.W.3d at 296. By rendering judgment for Jamie and the other defendants, the district court necessarily concluded that Doreen failed to establish one or more elements of her adverse-possession and parol-gift claims.

Before Doreen is entitled to have the judgment reversed and judgment rendered for her pursuant to her legal-insufficiency argument, it must appear that the evidence conclusively

---

[2] The court did send a letter to the parties outlining the elements of the prospective judgment. Both parties refer to the letter in their briefs. The court's letter, however, is not a finding of fact or a conclusion of law as contemplated by the Texas Rules, nor is it competent evidence of the district court's basis for judgment. *See Cherokee Water Co. v. Gregg Cnty. Appraisal Dist.*, 801 S.W.2d 872, 878 (Tex. 1990).

established each element of her adverse-possession or parol-gift claim. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (party attacking legal sufficiency of adverse finding on issue on which she had burden of proof must show on appeal that "evidence establishes, as a matter of law, all vital facts in support of the issue"); *see also City of Keller v. Wilson*, 168 S.W.3d 802, 814–17 (Tex. 2005) (legal-sufficiency standard of review).

One essential element of adverse possession under the ten-year limitations statute is that the claimant's possession be hostile to the record owner. *See* Tex. Civ. Prac. & Rem. Code §§ 16.021, .026. The evidence is not conclusive that Doreen's occupancy was hostile to Joan. To the contrary, there was evidence that Doreen's occupancy was with Joan's consent. Joan permitted Doreen to live in the house in exchange for making the mortgage payments. Permissive occupancy is not adverse. *Schultz v. Shatto*, 237 S.W.2d 609, 614 (Tex. 1951). If there is an agreement as to the possession of the property, then such possession is neither adverse nor hostile. *Wright v. Wallace*, 700 S.W.2d 269, 271 (Tex. App.—Corpus Christi 1985, writ ref'd n.r.e.). Possession of land by adverse claimants who entered upon the land with permission of the record owner cannot establish adverse possession until they give notice of the hostile nature of their possession. *Id*.

Doreen asserts that the work that Fernando did on the house gave notice to Joan of the hostile nature of her possession. Fernando repaired the air conditioner and painted parts of the house several times. He replaced the water heater and some windows and put on a new roof. He also trimmed trees and shrubs about the house. This work, however, was primarily in the nature of upkeep or maintenance to make the house habitable. It does not conclusively establish notice of hostile possession.

Doreen's legal-sufficiency argument as to parol gift similarly fails because she did not conclusively prove each element of that claim. *See Dow Chem. Co.*, 46 S.W.3d at 241. Specifically, she failed to conclusively establish donative intent. *See Troxel*, 201 S.W.3d at 296 (elements of parol gift, including donative intent). To the contrary, there was evidence that Joan permitted her to live in the house in exchange for her making the mortgage payments.

With respect to the district court's implied findings concerning adverse possession and parol gift, this Court has considered and weighed all the evidence and has concluded that the district court's implied findings are not so contrary to the overwhelming weight of the evidence so as to be clearly wrong and unjust. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (setting forth standard of review for factual-sufficiency challenges). Doreen's factual-sufficiency arguments are without merit.

In her brief Doreen also attempts to raise issues regarding parol sale and constructive trust. Neither was pleaded in district court and, accordingly, will not be considered here. *See* Tex. R. App. P. 33.1 (preservation); *Davis v. Campbell*, 572 S.W.2d 660, 662 (Tex. 1978) ("Parties are restricted on appeal to the theory on which the case was tried.").

Upon objection, the district court refused to admit into evidence several of Doreen's exhibits. The exhibits related to her claim for reimbursement for mortgage payments and consisted of bank records, spread sheets, insurance documents, postal service receipts, and escrow information. The district court refused to admit the records as a sanction because they had not been produced before trial. *See* Tex. R. Civ. P. 215.2(b) (authorizing sanctions for failure to comply with proper discovery requests).

Many pages in the clerk's record, the reporter's record, and the parties' briefs are devoted to the production, or the non-production, of these records. It is not necessary to determine whether the district court erred in excluding these records, however, because we are convinced that, for at least two reasons, any error in refusing to admit the exhibits did not cause the rendition of an improper judgment. *See* Tex. R. App. P. 44.1(2) (judgment may not be reversed on appeal unless trial court's error "probably caused the rendition of an improper judgment"). First, the district court permitted Fernando to testify that the amount of the mortgage payments was about $110,000, which was the same information the excluded documentary evidence would have established. *See Reliance Steel & Aluminum Co. v. Sevcik*, 267 S.W.3d 867, 873 (Tex. 2008) (noting that erroneous "admission or exclusion is likely harmless if evidence was cumulative"). Second, the court accepted Jamie's theory that Joan consented for Doreen to live in the house in exchange for making the mortgage payments; accordingly, Doreen was not entitled to reimbursement for those payments. *See Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 227 (Tex. 2001) (holding that any error in excluding evidence was harmless because party did not demonstrate that trial court's judgment turned on excluded evidence (citing *Texas Dep't of Transp. v. Able*, 35 S.W.3d 608, 617 (Tex. 2000) ("[A] successful challenge to an evidentiary ruling usually requires the complaining party to show that the judgment turns on the particular evidence excluded or admitted."))).

Doreen also complains of a monetary sanction of $1,567.50 imposed pre-trial after she failed to appear for several hearings. That sum represented the attorney's fees Jamie incurred for representation at the abortive hearings. In the sanctions order, the district court recognized its inherent power to impose sanctions and concluded that Doreen's conduct had "significantly interfered with the Court's function and amounts to abuse of the judicial process."

6

Doreen first suggests that the sanction order is not supported by the pleadings. But a court has the inherent power to impose sanctions on its own motion in an appropriate case. *In re Bennett*, 960 S.W.2d 35, 40 (Tex. 1997).

Doreen next claims generally that the sanctions order was "not supported by the evidence." The appellate court reviews the trial court's imposition of sanctions for an abuse of discretion. *Kutch v. Del Mar Coll.*, 831 S.W.2d 506, 512 (Tex. App.—Corpus Christi 1992, no writ). The reviewing court must determine that the sanctions were appropriate or just. *See American Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006). A sanction is just if there is a direct nexus between the improper conduct and the sanction imposed, and if the sanction is not excessive. *See TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991). It is undisputed that Doreen failed to appear for several scheduled hearings and that Jamie incurred attorney's fees for representation at those hearings. Further, Doreen does not contend that the amount of attorney's fees awarded were excessive. The sanction was just and not an abuse of discretion.

Finally, Doreen complains of the award to her of only $13,450 as reimbursement for expenditures. She claims the evidence entitles her to an award of $168,000. That sum is divided into two parts: (1) the value of the repairs to the house—$68,000—and (2) the mortgage payments—about $100,000. As previously discussed, the district court credited the evidence supporting Jamie's theory that Doreen was occupying the house with Joan's consent in exchange for making the mortgage payments. Accordingly, she was not entitled to reimbursement for the mortgage payments. As for the repair costs, however, Fernando testified as to the value of the repairs and replacements he made to the house. The values that he assigned to specific repairs and

replacements reflect a sum near to that awarded by the judgment, $13,450. But he did not specify what work, at what value was reflected in the claimed $54,550 balance. As was its right, the district court discredited Fernando's testimony beyond the $13,450 figure. *See City of Keller*, 168 S.W.3d at 819 (noting that factfinders, as sole judges of credibility of witnesses and weight to give their testimony, may choose to believe one witness and disbelieve another).

By cross-appeal Jamie claims globally that the district court erred in finding that Doreen was entitled to reimbursement of $13,450. His only specific complaint is that the cost of replacing the windows was barred by the four-year statute of limitations. Jamie hypothesizes that the cost of installing the windows was included in the $13,450 sum awarded by the judgment. The only basis for that hypothesis is the district court's letter. The letter, however, is not a finding of fact or conclusion of law and is not competent evidence of the district court's basis for judgment. *See Cherokee Water Co. v. Gregg Cnty. Appraisal Dist.*, 801 S.W.2d 872, 878 (Tex. 1990). The cross-appeal is without merit.

The judgment is affirmed.

_____
Bob E. Shannon, Justice

Before Justices Goodwin, Bourland, and Shannon*

Affirmed

Filed: August 13, 2015

* Before Bob E. Shannon, Chief Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).