# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00348-CV

---

**Nelson Hunter DeSpain, Appellant**

**v.**

**Bonnie Rea DeSpain, Appellee**

---

**FROM THE COUNTY COURT AT LAW OF BURNET COUNTY
NO. 52872, THE HONORABLE CODY HENSON, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Following a bench trial, the trial court signed a Final Decree of Divorce that, among other things, characterized as community property a tract of land that appellant Nelson Hunter DeSpain (Husband) had obtained before his marriage to Bonnie Rea DeSpain (Wife). In one issue on appeal, Husband asserts that the trial court erred by improperly divesting him of his separate property. Neither party challenges the trial court's dissolution of the marriage or any other portion of the decree. We will reverse the portion of the trial court's judgment relating to the division of the community estate and remand for further proceedings consistent with this opinion.

## BACKGROUND

The parties were married on December 12, 2008, and separated on October 7, 2021. In October 2021, Wife filed a petition for divorce on the ground that discord or conflict of personalities rendered the marriage insupportable. In February 2022, Wife amended her petition

to allege that Husband had committed adultery. Husband filed a general denial. No children were born of the marriage and the primary issue in the trial court, as well as on appeal, pertains to the proper characterization of certain real property that Husband obtained prior to the marriage.

In 1995, Husband's parents gave him a 2.98-acre tract of land in Burnet County commonly known as 14595 South FM 1174, Marble Falls, Texas (the Property). Wife testified that it was her understanding that Husband obtained the Property in 1995 as a gift from his parents. Husband testified that in 1995 he also had a house moved onto the Property. Husband and Wife began living at the Property in July 2008 and were married in December of that year. In 2019, Husband and Wife refinanced the mortgage on the Property to take advantage of lower interest rates. Wife stated that, after moving in, she and Husband made improvements to the Property including remodeling the interior and building an addition. Wife testified that she used some of her retirement savings to pay for part of the addition[1] and that she and Husband used community funds to make mortgage payments and pay for improvements to the Property. Husband and Wife used the Property as their primary residence until their separation. Husband also testified that he was given the Property in 1995 and moved a house he purchased onto the Property shortly thereafter. Husband stated that in 2019, he and Wife refinanced the Property. Husband testified that he did not make a gift or otherwise convey any of his interest in the Property to Wife in connection with the refinancing. In both opening and closing argument, Wife's counsel stated that Wife should be reimbursed for money she contributed to purchase some property in Terlingua, Texas, and for the contributions she made to improve and add on to the Property at issue in this case.

---

[1] Wife also testified that after refinancing the mortgage on the Property, she repaid the $7,600 loan she had taken out against her retirement.

After trial, the court rendered a Final Decree of Divorce that stated, with respect to the Property, that:

> On or before 30 days from the date of this order [Husband] is to pay [Wife] $212,500 for [Wife's] interest in [the Property], and in exchange, [Wife] shall execute a special warranty deed in favor of [Husband] wherein [Wife] shall convey all of her right title and interest in and to [the Property] to [Husband].
>
> If [Husband] fails to pay [Wife] the sums delineated above within the stated timeframe, [the Property] shall be sold and the net proceeds distributed as follows:
>
> . . . .
>
> As to [the Property], Sixty Percent (60%) to [Wife] and Forty Percent (40% to [Husband]). This shall also be the percentage the parties shall claim of the capital gains, if any.

In its order, the court characterized the Property as community property and included it in its just and right division of Husband and Wife's marital estate. Husband filed a motion for new trial, which was overruled by operation of law, and this appeal followed.

## DISCUSSION

In his sole appellate issue, Husband contends that the Property was his separate property and that the trial court erroneously divested him of his separate property when it found that Wife had an interest in the Property, ordered him to pay her $212,500 for that interest and, if he failed to do so, ordered the Property sold with 60% of the net proceeds to be distributed to Wife.

We first summarize some general principles concerning awards of marital property during divorce. In a divorce decree, a trial court must divide the community estate in a manner that the court deems "just and right," with due regard for each party's rights. Tex. Fam. Code § 7.001; *Pearson v. Fillingim*, 332 S.W.3d 361, 363 (Tex. 2011) (clarifying that trial courts can divide only community property). Community property is the property, other than separate

property, acquired by either spouse during marriage. Tex. Fam. Code § 3.002. Separate property is the property owned or claimed by the spouse before marriage, as well as property that the spouse acquired during marriage by gift, devise, or descent. Tex. Const. art. XVI, § 15; Tex. Fam. Code § 3.001. All property on hand at the dissolution of marriage is presumed to be community property. *See* Tex. Fam. Code § 3.003(a); *Goyal v. Hora*, No. 03-19-00868-CV, 2021 WL 2149628, at *5 (Tex. App.—Austin May 27, 2021, no pet.) (mem. op.) ("Property possessed by either spouse during or on dissolution of marriage is presumed to be community property."). However, this is a rebuttable presumption, and a spouse claiming assets as separate property may establish their separate character by clear and convincing evidence. *Goyal*, 2021 WL 2149628, at *5 (citing Tex. Fam. Code § 3.003(b)). "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." Tex. Fam. Code § 101.007; *Ganesan v. Vallabhaneni*, 96 S.W.3d 345, 354 (Tex. App.—Austin 2002, pet. denied).

Generally, whether property is separate or community property is determined by its character at inception. *Leax v. Leax*, 305 S.W.3d 22, 33 (Tex. App.—Houston [1st Dist.] 2009, pet. denied); *see* Tex. Fam. Code § 3.002 (under inception of title doctrine, property owned before marriage, or acquired during marriage by gift, devise, or descent, is separate property); Tex. Const. art. XVI, § 15 ("All property, both real and personal, of a spouse owned or claimed before marriage, and that was acquired afterward by gift, devise or descent, shall be the separate property of that spouse . . . ."). The Texas Supreme Court has held that it is unconstitutional for a trial court to divest a party of their separate property by awarding any portion of it to the other party in a divorce proceeding. *See Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 141 (Tex. 1977). Unlike other situations in which a trial court has mischaracterized property in a divorce proceeding,

4

improperly divesting a party of their interest in separate property is reversible error as a matter of law without the need to conduct a harm analysis. *See id.* at 140; *see also Rivas v. Rivas*, 452 S.W.3d 49, 55 (Tex. App.—El Paso 2014, no pet.).[2]

The uncontroverted evidence at trial demonstrated that Husband obtained the Property in 1995, more than ten years before his marriage to Wife. The evidence demonstrated that the land was gifted to him and that he moved a house he had purchased onto the property in 1995, long before his marriage to Wife. Accordingly, under the inception of title doctrine, Husband's interest in the Property was his separate property. Moreover, contrary to Wife's position at trial, none of the events that occurred during the marriage transformed the Property into a community asset. First, although the undisputed evidence established that improvements were made to the Property during the marriage, it is well established that any improvements made to a spouse's separate property during marriage, including the construction of a residence or other building thereon, are likewise considered the spouse's separate property, and the community receives no "right, title or interest in or to the land." *See Burton v. Bell*, 380 S.W.2d 561, 565 (Tex. 1964); *see also Kite v. Kite*, No. 01-08-00643-CV, 2010 WL 1053014, at *2-4 (Tex. App.—Houston [1st Dist.] Mar. 11, 2010, no pet.) (mem. op.) (marital residence that was built on husband's separate property was his separate property); *see also Leighton v. Leighton*, 921 S.W.2d 365, 367 (Tex. App.—Houston [1st Dist.] 1996, no writ) (any improvements made on separate

---

[2] The converse, however, is not true. When a trial court mischaracterizes community property as a spouse's separate property no divestiture has occurred, and we must conduct a harm analysis to determine whether the mischaracterization caused the trial court to abuse its discretion in its division of the community estate. *See Attaguile v. Attaguile*, 584 S.W.3d 163, 176-77 (Tex. App.—El Paso 2018, no pet.); *Garza v. Garza*, 217 S.W.3d 538, 549 (Tex. App.—San Antonio 2006, no pet.) (noting that if mischaracterization of property had only *de minimis* effect on trial court's just and right division, court need not remand case to trial court).

property, including residence, even if made with community funds, are considered separate property of landowner). As the supreme court explained, this is so because the "improvements become attached to the soil, and cannot, in the nature of things, be divisible in specie when one of the joint owners has no interest in the land upon which they have been erected." *Burton*, 380 S.W.2d at 565.

The fact that the parties refinanced the Property with a loan obtained by both Husband and Wife during the marriage also did not transform the Property into a community asset. *See e.g.*, *Howe v. Howe*, 551 S.W.3d 236, 255-56 (Tex. App.—El Paso 2018, no pet.) (when couple borrowed funds to pay off mortgage on house that was spouse's separate property, this did not transform house into community property); *Langston v. Langston*, 82 S.W.3d 686, 687-88 (Tex. App.—Eastland 2002, no pet.) (reversing trial court's determination that community property interest in real estate was created by execution of note evidencing loan on property). Additionally, the fact that the parties may have used community funds to reduce the principal amount of a mortgage on the Property during the marriage did not transform the Property into community property. *See Attaguile*, 584 S.W.3d at 176 (recognizing that payments from one estate to reduce loan on another estate's property does not transform nature of property, and instead only creates potential claim for reimbursement).

The undisputed testimony at trial established that Husband obtained the Property before his marriage to Wife and, consequently, it is his separate property. The trial court reversibly erred in characterizing the Property as community property rather than Husband's separate property and by awarding any part of the Property to Wife. *See Eggemeyer*, 554 S.W.2d at 142; *Sharma v. Routh*, 302 S.W.3d 355, 368 (Tex. App.—Houston [14th Dist.] 2009, no pet.). This error requires a reversal and remand to the trial court. *See Sharma*, 302 S.W.3d at 368.

6

**CONCLUSION**

Having found that the trial court committed reversible error by mischaracterizing the Property as community property and by divesting Husband of his separate property, we reverse the portion of the trial court's judgment relating to the division of the community estate and remand for further proceedings consistent with this opinion. In all other respects, the trial court's decree of divorce is affirmed.

_____
Thomas J. Baker, Justice

Before Justices Baker, Triana, and Smith

Affirmed in Part, Reversed and Remanded in Part

Filed: November 22, 2024