Richard **FIELDER**, Appellant,

v.

Dr. Michael **ABEL**, et ux., Appellees.

No. 14148.

Court of Appeals of Texas, Austin.

Nov. 14, 1984.

Roy G. Scudday, Fielder & Scudday, Lockhart, for appellant.

Jeff Otto, Meadows & Otto, Austin, for appellees.

Before SHANNON, EARL W. SMITH and BRADY, JJ.

SHANNON, Justice.

Appellees Michael and Peggy Abel, husband and wife, sued appellant Richard Fielder, an attorney, alleging violations of the Texas Deceptive Trade Practices and Consumer Protection Act, fraud in the inducement, constructive fraud and negligence, such claims stemming from appellees' sale of a parcel of real estate to Ben and Elizabeth Schleder. After a bench trial, the district court of Caldwell County rendered judgment that appellant pay appellees $15,000.00 and attorney's fees. This Court will reverse that judgment and here render judgment that appellees take nothing.

Before May, 1980, appellees held title to forty-nine acres of the William Pettus Survey in Caldwell County. During the winter of 1980, appellees entered into negotiations with Ben and Elizabeth Schleder to sell them ten acres of the forty-nine acre tract. Fielder acted as counsel for the Schleders, the purchasers. Albert Walker represented appellees. Fielder prepared the contract of sale and the warranty deed in question. According to appellees, the warranty deed erroneously included a seventy-five foot strip of land which provided appellees with access to the remaining part of their tract. Appellees also purchased a policy of title insurance from Fielder's title insurance company insuring the title to the tract for the benefit of the Schleders.

Appellees initially sued the Schleders and appellant, but thereafter settled their claim against the Schleders. As a part of the settlement, the Schleders reconveyed the seventy-five foot strip of land to appellees. Appellees then proceeded to judgment against appellant.

After rendition of judgment, appellant requested the district court to file findings of fact and conclusions of law. In response, the district court filed two different sets of findings and conclusions, one dated February 1, 1984, and the other dated February 3, 1984. The findings filed on February 3, 1984, provided that such were supplementary to those filed on February 1, 1984, except in the event of conflict in which case the findings filed February 3, 1984 were deemed controlling.

Appellees pleaded violations of the Deceptive Trade Practices Act, fraud in the inducement, constructive fraud, and negligence. It is apparent, however, that the district court tried the cause on the theory of violation of the Deceptive Trade Practices Act because there are no findings of fact or conclusions of law referable to appellees' other claimed grounds of recovery. Because appellees requested no additional findings or conclusions relating to their other claimed grounds of recovery, they waived any claimed error of the court in failing to address those other grounds of

recovery. *See Imatani v. Marmolejo*, 606 S.W.2d 710 (Tex.Civ.App.1980, no writ). Moreover, appellees have filed no cross-points on appeal complaining of the failure of the district court to address their grounds of recovery other than violations of the Deceptive Trade Practices Act.

Appellant attacks the judgment by seven points of error. Although the judgment may be reversed upon any one of several errors, this Court has determined to grant point of error one which complains that the district court erred in finding that appellees were "consumers" within the meaning of the Deceptive Trade Practices Act.

The following facts are not disputed. Appellant prepared the contract of sale and warranty deed, and furnished them to appellees' attorney, Walker, prior to closing. Both the sales contract and the deed contained a legal description which included the seventy-five foot strip. Appellant prepared the metes and bounds description for the contract and deed from a copy of a plat prepared by surveyor Dale L. Olson. The plat was provided appellant by appellees' attorney, Walker. The original plat was prepared by Olson on March 28, 1980 and was accompanied by a separate page containing field notes, or a complete metes and bounds description of the area surveyed. At the time of the preparation of the contract and deed, appellant was not aware of the existence of the field notes as there were no field notes accompanying the plat provided appellant.

At the closing, appellees paid for a title policy issued by County Wide Abstract and Title Co., a business solely owned by Fielder and his wife. The title policy's metes and bounds description of the property was the same as the description in the contract and deed. Following the legal description in the warranty deed and title commitment is the phrase, "As surveyed on the ground by Dale L. Olson, Public Surveyor No. 1753 on March 28, 1980."

The rationale of appellees' claim for violation of the Deceptive Trade Practices Act, is that Fielder drafted the metes and bounds description "inconsistent and contrary" to the field notes prepared by Surveyor Olson on March 28, 1980, and then "certified" that such description was that actually surveyed by Olson. Appellees contend that by use of the phrase, "As surveyed ...", in the instruments, Fielder represented that Olson actually prepared the legal description in those instruments. This conclusion rests on the premise that the phrase, "As surveyed ...", necessarily means that the description corresponds to the surveyor's field notes.

In defense of the judgment, appellees maintain that they were consumers of the services of Fielder doing business as the title company. Appellees claim that they purchased the title policy which contained the inaccurate description and false "certification," and, as a result, they were consumers as to Fielder. In addition, appellees assert that they were consumers of the services of Fielder, as an attorney. Under the law and facts neither assertion is meritorious.

One must be a "consumer" within the definition of Sec. 17.45(4) to successfully maintain a cause of action under the Deceptive Trade Practices Act. *Riverside Nat. Bank v. Lewis*, 603 S.W.2d 169, 173 (Tex.1980). As a "consumer," a party must qualify as one "who seeks or acquires by purchase or lease, any goods or services." There are two requirements for one to qualify as a consumer: (1) the person must have sought or acquired goods or services by purchase or lease, and (2) the goods or services purchased or leased must form the basis of the complaint. *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535 (Tex.1981). "If either requirement is lacking, the person aggrieved by a deceptive act or practice must look to the common law or some other statutory provision for redress." 618 S.W.2d at 539. The district court determined in Additional Finding of Fact No. twelve that the issuance of the title policy was *not* the basis for appellees' complaint. *The district court's determination stands unchallenged by cross-point.* Accordingly, appellees cannot satisfy the second requirement of *Cameron*

with respect to their argument that their purchase of the title policy qualifies them as "consumers."

█ In Additional Finding of Fact No. thirteen, the district court determined that the language of the warranty deed was the basis for appellees' complaint. The following two unchallenged findings foreclose appellees' claim that they were "consumers" as to Fielder in connection with the preparation of the deed. Additional Finding of Fact No. fourteen states that appellees did not purchase the warranty deed from Fielder, because he prepared the deed as the attorney for the Schleders. Additional Finding of Fact No. fifteen states that appellees did not purchase any goods or services from Fielder. Under *Cameron*, as appellees' claim is based upon the warranty deed, appellees would have to be the purchasers of such deed. However, the only items purchased by appellees were the legal services of their own attorney, Albert Walker.

Appellees assert that they qualify as "consumers" under *Flenniken v. Longview Bank & Trust Co.*, 661 S.W.2d 705 (Tex. 1983) which holds that one is a "consumer" to all parties who seek to enjoy the benefits of the transaction. Appellees urge that Fielder, as a compensated attorney for the purchasers, enjoyed the benefits of the transaction of the sale of the property. The rule in *Flenniken*, however, simply describes the range of potential defendants once the plaintiff establishes his "consumer" status under *Cameron*. *Flenniken* does not abrogate the two-part requirement of *Cameron*.

*First Municipal Leasing Corp. v. Blankenship, Potts, Aikman, Hagin and Stewart*, 648 S.W.2d 410 (Tex.App.1983, writ ref'd n.r.e.) bears on the issue of whether appellees qualify as "consumers" based on Fielder's having prepared closing documents for the Schleders. In *First Municipal Leasing Corp.*, plaintiff First Municipal was required to provide a bank with an attorney's opinion determining the validity of an assignment of a right to receive payment which was assigned to First Mu-

nicipal by System Works. First Municipal requested System Works to provide the legal opinion, and System Works employed a law firm to prepare the opinion. The attorneys submitted to System Works a legal opinion and System Works paid their fee. It was discovered later that the legal opinion was erroneous, and First Municipal filed suit against the attorneys claiming negligence and violations of the Deceptive Trade Practices Act. In concluding that First Municipal was not a "consumer", the Dallas Court of Appeals wrote at page 417:

> We conclude that First Municipal was not a "consumer." First, it is undisputed that First Municipal neither purchased nor leased the Attorneys' legal services and that these Attorneys received no consideration from First Municipal for such services. Although the Supreme Court of Texas has held that a client of an attorney is a consumer within the meaning of the Act, that holding was based on the fact that the client purchased legal services from an attorney. *DeBakey v. Staggs*, 612 S.W.2d 924 (Tex.1981). In the present case, however, there was no such purchase by First Municipal. In the present case the Attorneys' services were purchased by System Works, not by First Municipal, and System Works was the client.

The district court erred in concluding that appellees were "consumers" within the meaning of the Deceptive Trade Practices Act.

The judgment is reversed and judgment is here rendered that appellees take nothing.

EARL W. SMITH, J., not participating.