## TEXAS DEPARTMENT OF HUMAN SERVICES, Petitioner,

v.

## Vanessa WHITE, Respondent.

### No. D–1276.

Supreme Court of Texas.

Oct. 23, 1991.

Judy A. Millsap, McKinney, for petitioner.

Nancy B. Amick, Plano, for respondent.

PER CURIAM.

This is an appeal from a case involving the involuntary termination of parental rights. The trial court rendered judgment, based upon a jury verdict, terminating Vanessa White's parental rights to her infant son. Among other things, the jury heard extensive evidence about White's illegal behavior, emotional illness, substance abuse, and dysfunctional parent-child relationships. During the birth of the child, White had fresh needle marks on her arms. She acknowledged that she used drugs during the last week of her pregnancy. When the child was born, he exhibited symptoms consistent with withdrawal from drugs and suffered from numerous medical problems. Evidence was presented at trial that White was not able to care for her other children. At trial, she was pregnant with another child and had no independent means of support. In an earlier proceeding, her parental rights to her twelve-year old child were terminated, and relatives of White were in the process of pursuing termination of her parental rights to her six-year old daughter. Further, White never acknowledged that she had any type of problem and blamed her difficulties on others.

The court of appeals held that the record contained probative evidence that White knowingly engaged in conduct which endangered the physical well-being of the child, and some evidence, more than a scintilla, to support the jury's finding that termination of her parental rights would be in the best interest of the child. Nonetheless, the court of appeals reversed the trial court's judgment and remanded the case for a new trial because it concluded that the admission of a photograph of the child with his foster family was reversible error.

810 S.W.2d 744. Assuming, without deciding, that the admission of the photograph was error, to obtain reversal of a judgment based on the admission of evidence, the appellant must show that the trial court committed error *and* that the error amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case or was such that probably prevented the appellant from making a proper presentation of the case to the appellate court. Tex. R.App.P. 81(b); *see Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 396 (Tex. 1989).

In this case, the jury found, among other things, that White: 1) engaged in conduct which endangered the physical well-being of the child; and 2) engaged in conduct which endangered the emotional well-being of the child. The jury also found by clear and convincing evidence that termination of the parent-child relationship was in the best interest of the child.

After a review of the whole record, we hold that White failed to sustain her burden of showing that the admission of the photograph, a staged picture of the child with his foster family, amounted to such a denial of rights as was reasonably calculated to cause and probably did cause rendition of an improper judgment. Therefore, the admission of the photo, in and of itself, is not reversible error.

Because the court of appeals erred in reversing the trial court's judgment based upon the admission of the photograph, we grant Texas Department of Human Services' application for writ of error, and pursuant to TEX.R.APP.P. 170, without hearing oral argument, a majority of this court reverses the judgment of the court of appeals and remands this cause to that court for consideration of the factual sufficiency points.