ACCEPTED
14-14-00526-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
6/19/2015 2:54:39 PM
CHRISTOPHER PRINE
CLERK

**No: 14-14-00526-CV**

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
6/19/2015 2:54:39 PM
CHRISTOPHER A. PRINE
Clerk

**IN THE FOURTEENTH COURT OF APPEALS**

SUSANA I. VILLALPANDO

*Appellant*,

v.

ARMANDO VILLALPANDO,

*Appellee.*

FROM THE 257TH DISTRICT COURT OF HARRIS COUNTY, TEXAS
No. 2012-30887

**APPELLEE'S BRIEF**

**RENATO SANTOS, JR.**
ATTORNEY AT LAW
State Bar No. 17646450
3605 Katy Fwy., Suite 102
Houston, Texas  77007
Telephone:  (713) 862-9631
Facsimile:   (713) 862-9647
renato.santos3@att.net

Counsel for Appellee

**ORAL ARGUMENT REQUESTED**

## CERTIFICATE OF PARTIES

Pursuant to TEX. R. APP. P. 38.1(a), a complete list of the names of all interested parties is provided below so that the members of this Honorable Court may at once determine whether they are disqualified to serve or should recuse themselves from participating in the decision of the case.

**Appellant: Susana I. Villalpando**

    Counsel for Appellant:    Lydia Pilgrim
    ATTORNEY AT LAW
    2730 Stemmons Freeway, Suite 770
    Dallas, Texas  75207
    *Trial counsel*

    Judith A. Grantham
    ATTORNEY AT LAW
    1912 Vista Oaks Drive
    Carrollton, Texas  75007
    *Appellate counsel*

**Appellee:    Armando Villalpando**

    Counsel for Appellee:    Adolfo Vasquez
    ATTORNEY AT LAW
    405 Main Street, Suite 910
    Houston, Texas  77002
    *Trial counsel*

    Renato Santos, Jr.
    ATTORNEY AT LAW
    3605 Katy Freeway, Suite 102
    Houston,Texas  77007
    *Appellate counsel*

**Trial Judge:    Honorable Judy Warne**

**TABLE OF CONTENTS**

PAGE

Certificate of Parties. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

Statement Regarding Oral Arugment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Reply Points. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2-3

Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-30

I.      The Trial Court Did Not Abuse Its Discretion By Granting the Divorce on the Basis of Insupportability Rather Than on Basis of Fault. . . . . . . . . . . . . . . . . 6

        A.      *The Standard of Review.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-7

        B.      *The Law and Evidence Support The Court's Decision to Grant the Divorce on basis of Insupportability.* . . . . . . . . . . . . . . . . . . . . . . . 7-9

        C.      *Appellant Waived the Cruelty Ground for Appellate Review.* . . . . . . 9-11

        D.      *No Reversible Error in Denying a Divorce on Fault Grounds Where Divorce is Still Granted.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11-13

        E.      *Conclusion.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

II.     The Trial Court Did Not Abuse its Discretion in the Division of the Community Estate. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14-16

      A.     *The Standard of Review.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14-5

      B.     *The Court's Division of the Property was Not Unjust nor Unfair.* . 15-23

      C.     *Conclusion.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

III.    The Trial Court Did Not Abuse Its Discretion In Disposing of Appellee's Reimbursement Claim. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

      A.     *The Standard of Review.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

      B.     *Appellant Waived the Reimbursement Ground for Appellate Review.* . 24

      C.     *No Funds Were Used to Enhance Appellee's Separate Estate.* . . . . 24-25

      D.     *Appellant Failed to Present Evidence to Support Her Claim.* . . . 25-27

IV.     The Trial Court Did Not Abuse its Discretion in Setting Appellee's Child Support Obligation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27-30

      A.     *The Standard of Review.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27-8

      B.     *The Law and Evidence Support The Court's Determination.* . . . . . 28-30

Conclusion and Prayer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .30

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

# INDEX OF AUTHORITIES

**Cases:**                                                                                                                   **Page**

*Anderson v. Gilliland,* 684 S.W.2d 673 (Tex.1985). . . . . . . . . . . . . . . . . . . . . . . . . 26

*Augusta Dev. Co. v. Fish Oil Well Serv'g Co.,* 761 S.W.2d 538
     (Tex.App.—Corpus Christi 1988, no writ). . . . . . . . . . . . . . . . . . . . . . . . 10

*Bahr v. Kohr,* 980 S.W.2d 723, 728 (Tex.App.-San Antonio 1998, no pet.) . . . . . . 18

*Barrientos v. Nava,* 94 S.W.3d 270 (Tex. App.–Houston [14th Dist.] 2002). . . . . .30

*Bell v. Bell,* 513 S.W.2d 20 (Tex.1974). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Boyd v. Boyd,* 131 S.W.3d 605 (Tex.App.-Fort Worth 2004, no pet.) . . . . . . . . . . 18

*Cain v. Bain,* 709 S.W.2d 175 (Tex.1986). . . . . . . . . . . . . . . . . . . . . . . . . . 23, 30

*Cusack v. Cusack,* 491 S.W.2d 714
     (Tex. Civ. App.-Corpus Christi 1973, writ dism'd). . . . . . . . . . . . . . . . . . . . 8, 9

*Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238 (Tex.1985). . . . . . . . . . . 28

*Evans v. Evans,* 14 S.W.3d 343 (Tex.App.-Houston [14th Dist.] 2000, no pet.). . .14

*Fielder v. Abel,* 680 S.W.2d 655 (Tex.App.—Austin 1984, no writ). . . . . . . . . . . .10

*Garza v. Garza,* 217 S.W.3d 538 (Tex. App.-San Antonio 2006, no pet.). . . . . . . 7,18

*Graves v. Tomlinson,* 329 S.W.3d 128
     (Tex. App.-Houston [14th Dist.] 2010, pet. denied). . . . . . . . . . . . . . . . . . . . 18

*Grayson v. Grayson,* 103 S.W.3d 559 (Tex. App.-San Antonio 2003, no pet.). . . . .7

*Hailey v. Hailey,* 176 S.W.3d 374
     (Tex.App.-Houston [1st Dist.] 2004, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . 25

*Hill v. Hill,* 971 S.W.2d 153 (Tex.App.-Amarillo 1998, no pet.) . . . . . . . . . . . . . . 9

*Hood v. Texas Indem. Ins. Co.,* 146 Tex. 522, 209 S.W.2d 345 (1948). . . . 12, 19, 22

*Imatani v. Marmolejo,* 606 S.W.2d 710 (Tex.Civ.App.1980, no writ). . . . . . . . . . 10

*In re A.B.P.,* 291 S.W.3d 91 (Tex. App.-Dallas 2009, no pet.). . . . . . . . . . . . . . 6, 7

*In re D.I.B.,* 988 S.W.2d 753 n. 10 (Tex.1999) . . . . . . . . . . . . . . . . . . . . . . . . . .11

*In re Marriage of Richards,* 991 S.W.2d 32
    (Tex. App.-Amarillo 1999, pet. dism'd). . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re P.J.H.,* 25 S.W.3d 402 (Tex.App.–Fort Worth 2000, no pet.). . . . . . . . . . . .28

*In the Interest of D.S.,* 76 S.W.3d 512 (Tex.App.–Houston [14 Dist.] 2002). . . . . . 28

*Markowitz v. Markowitz*, 118 SW 3d 82
    (Tex.App.-Houston [14th Dist.] 2003, no writ). . . . . . . . . . . . . . . . . . . . . . . 11

*McGalliard v. Kuhlmann,* 722 S.W.2d 694 (Tex.1986). . . . . . . . . . . . . . . . 12, 19, 22

*Murff v. Murff,* 615 S.W.2d 696 (Tex.1981). . . . . . . . . . . . . . . . . . . . 13, 16, 20-1

*Penick v. Penick,* 783 S.W.2d 194 (Tex.1988) . . . . . . . . . . . . . . . . . . . . . . . . . . 25-6

*Phillips v. Phillips,* 75 S.W.3d 564 (Tex. App.-Beaumont 2002, no pet.). . . . . . . . 9

*Rivas v. Rivas,* 452 S.W.3d 49 (Tex. App.-El Paso 2014, no pet.) . . . . . . . . . . . . . 6

*Rodriguez v. Rodriguez,* 860 S.W.2d 414 (Tex.1993). . . . . . . . . . . . . . . . . . . . . . 27

*Rogers v. Rogers,* 754 S.W.2d 236
    (Tex.App.-Houston [1st Dist.] 1988, no writ) . . . . . . . . . . . . . . . . . . . . . . . 26

*Roosth v. Roosth,* 889 S.W.2d 445
    (Tex.App.– Houston [14th Dist.] 1994, writ denied). . . . . . . . . . . . . . . . . . 27

*Sandone v. Miller-Sandone,* 116 S.W.3d 204 (Tex.App.-El Paso 2003, no pet.). . .14

*Stecklein v. Stecklein*, 466 S.W.2d 421
    (Tex.Civ.App. —San Antonio 1971, n. w. h.) . . . . . . . . . . . . . . . . . . . . . . 9

*Swaab v. Swaab*, 282 S.W.3d 519 (Tex.App.–Houston [14th Dist.] 2008) . . . . . . . 28

*Tate v. Commodore County Mut. Ins. Co.,* 767 S.W.2d 219
    (Tex.App.-Dallas 1989, writ denied). . . . . . . . . . . . . . . . . . . . . . . . . 12, 19, 22

*Tex. Dep't of Human Servs. v. White,* 817 S.W.2d 62 (Tex.1991). . . . . . . . . . . . . . 12

*Vallone v. Vallone*, 644 S.W.2d 455 (Tex.1982). . . . . . . . . . . . . . . . . . . . . . . . .25-6

*Vickery v. Comm'n for Lawyer Discipline,* 5 S.W.3d 241
    (Tex. App.-Houston [14th Dist.] 1999, pet. denied). . . . . . . . . . . . . . . . . . . 23

*Wilemon v. Wilemon,* 930 S.W.2d 290 (Tex.App.--Waco 1996, no writ). . . . . . . . 27-8

*Worford v. Stamper,* 801 S.W.2d 108 (Tex.1990). . . . . . . . . . . . . . . . . . . . . . . . 4, 7

*Zeptner v. Zeptner,* 111 S.W.3d 727 (Tex.App.-Fort Worth 2003, no pet.) . . . . . 25-6

*Zeifman v. Michels,* 212 S.W.3d 582 (Tex.App.-Austin 2006, pet. denied). . . . . . 28

*Zieba v. Martin,* 928 S.W.2d 782
    (Tex.App.-Houston [14th Dist.] 1996, no writ). . . . . . . . . . . . . . . . . . . . 7, 15

**Constitution**:

*TEX. CONST.* XVI, § 15. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

**Statutes:**

TEX. FAM. CODE ANN. § 3.001 (Vernon 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . 18

TEX. FAM. CODE ANN. § 3.002 (Vernon 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . 18

TEX. FAM. CODE ANN. § 3.003(a) (Vernon 2011). . . . . . . . . . . . . . . . . . . . . . . . . . 18

TEX. FAM. CODE ANN. § 3.003(b) (Vernon 2011). . . . . . . . . . . . . . . . . . . . . . . . . . 18

TEX. FAM. CODE ANN. § 3.006 (Vernon 2011). . . . . . . . . . . . . . . . . . . . . . . . . . 17

TEX. FAM. CODE ANN. § 6.001 (Vernon 2006). . . . . . . . . . . . . . . . . . . . . . . . . . 8

TEX. FAM. CODE ANN. § 7.001 (Vernon 2000). . . . . . . . . . . . . . . . . . . . . . . . . . 14

TEX. FAM. CODE ANN. § 154,121 (Vernon 2011). . . . . . . . . . . . . . . . . . . . . . . . 27

TEX. FAM. CODE ANN. § 154.122(a) (Vernon 2011). . . . . . . . . . . . . . . . . . . . . . 27

TEX. FAM. CODE ANN. § 154.129 (Vernon 2011). . . . . . . . . . . . . . . . . . . . . . . . 16

**Rules:**

TEX. R. APP. P. 38.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TEX. R. APP. P. 38.2(a)(1)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1, 2

TEX. R. APP. P. 44.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TEX. R. CIV. P. 296. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . 9

TEX. R. CIV. P. 297. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . 9

TEX. R. CIV. P. 298. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . .10

TEX. R. CIV. P. 299. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . 9, 21

TO THE COURT OF APPEALS:

**ARMANDO VILLALPANDO**, hereinafter referred to as Appellee, files this brief in support of his request for an affirmance in Cause No. 2012-30887, and would show this Honorable Court as follows:

**I**.

### STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Texas Rules of Appellate Procedure 38.1, 39.1, and 39.2, Appellee does not request oral argument before this Court of Appeals. Appellee believes that the facts and arguments are adequately presented in the briefs and in the record and the decisional process will not be significantly aided by oral argument. If, however, this Court should grant oral argument to Appellant, Appellee does not waive oral argument in such a circumstance, and will present oral argument before this Court of Appeals.

**II**.

### STATEMENT OF THE CASE

Pursuant to TEX. R. APP. P. 38.2(a)(1)(B), appellee challenges all facts asserted in appellant's brief. This is an appeal from a final judgment granting a decree of divorce. The Honorable Judy Warne rendered a judgment granting a divorce, dividing the community property and establishing conservatorships for possession

1

and child support of the parties' minor children. (CR. 35). The judgment was signed on June 6, 2014. (CR. 60). Appellant timely filed her notice of appeal on July 3, 2014. (CR. 71-2).

## III.

### STATEMENT OF REPLY POINTS

POINT 1: The trial court did not abuse its discretion by granting the divorce on the basis of insupportability rather than on the basis of fault.

POINT 2: The trial court did not abuse its discretion in division of the parties community property.

POINT 3: The trial court did not abuse its discretion in disposing of appellant's reimbursement claim.

POINT 4: The trial court did not abuse its discretion in setting the amount of child support.

## IV.

### STATEMENT OF FACTS

Pursuant to TEX. R. APP. P. 38.2(a)(1)(B), Appellee challenges all factual statements in Appellant's brief. A statement of the pertinent facts in the record will be included under each reply point. The following is a brief statement of facts:

Appellee and Appellant were married on or about June 15, 2003. (RR. 20). Appellee is 51 years old and Appellant is 29 at time of trial. (RR. 11). They are the

parent of two children ages 9 and 8. (RR. 11, 14). During the marriage, the parties accumulated community property that includes a homestead on Berry Road, a 100 acre property in Chambers County, several properties in Mexico and vehicles. (RR. 21, 33, 35-41, 89-94). Prior to the marriage, appellee purchased several properties some of which he co-owns with his ex wife and his brother. (RR. 24-29). He also runs a body shop. (RR. 19).

The parties separated on February 10, 2010, and appellant moved to Dallas. (RR. 16, 20). Appellee filed for divorce in May, 2012, and the trial court heard the case on the merits on April 2, 2014. On April 3, 2014, the court made its rendition and a judgment was signed on June 6, 2014. (CR. 35, 37). It is this judgment that is on appeal.

# V.

## SUMMARY OF THE ARGUMENT

The trial court did not abuse its discretion in granting a divorce basis on insupportability rather than on the basis of fault, in its division of the community estate nor in the setting of the amount of monthly child support. Courts evaluate most appealable issues in family law cases, including the issues raised in this case, under an abuse of discretion standard. A trial court abuses its discretion, so as to require reversal, when it acts arbitrarily or unreasonably without reference to any guiding rules or principles.

1.      The Family Code allows a judge to grant a divorce on insupportability grounds as well as on fault grounds. The parties asked for a divorce on both insupportability and on fault. Appellee testified to the elements of insupportability and the court granted the divorce on that ground. Appellant failed to request a finding on fault and waived the issue for purpose of this appeal. Even if the trial court should have granted the divorce on fault, appellant was not harmed because she got the relief requested which was the divorce.

2.      In a divorce decree, the trial court shall divide the estate of the parties in a manner that the court deems just and right. The trial court does not abuse its discretion when some evidence of a probative and substantive character exists to

4

support the division. The court's division of the community estate gave appellant a 54.3% share and appellee a 45.7% share. The denial of separate property, reimbursement and fraud on the community claims was supported by the law and the evidence resulting in a just and right division of the community estate. Therefore, there was no abuse of discretion in the division of this estate.

3. Child support guidelines are intended to guide the courts in determining an equitable amount of child support in a suit affecting the parent-child relationship. The amount of child support established by the guidelines is presumed to be reasonable, and a support order that conforms to the guidelines is presumed to be in the child's best interest. Here, the trial court set the amount of child support in accordance with the child support guidelines after considering testimony and evidence present at trial concerning appellee's self-employment income from his work as an automobile body repairman and his rental properties. Because the court's determination of net resources and monthly child support was supported by probative and substantive evidence and is allowed by the applicable statutes, it comported with the law and evinced a legitimate exercise of discretion by the trial court. Hence, no abuse of discretion occurred.

**ARGUMENT**

**I.     The Trial Court Did Not Abuse its Discretion by Granting the Divorce on the Basis of Insupportability Rather Than on the Basis of Fault.**

Both parties filed pleadings requesting the dissolution of their marriage. Appellee requested a divorce on insupportability and abandonment grounds. (CR. 5). Appellant requested a divorce on insupportability and cruel treatment. (CR. 32). The court granted the divorce on insupportability grounds. (CR. 38, 87).

Under Issue Number One, Appellant contends that a new trial should be granted because the trial court abused its discretion by failing to grant her a divorce on the basis of cruelty. In support she argues that (1) no finding of fact and/or conclusion of law was made to support the judgment denying her request for such relief and (2) there was sufficient evidence of cruelty by appellee to grant the divorce on fault grounds. (Appellants' Brief, pgs. 15-22). These arguments are without merit.

*A.     The Standard of Review.*

Courts evaluate most appealable issues in family law cases, including the issues raised in this case, under an abuse of discretion standard. *In re A.B.P.,* 291 S.W.3d 91, 95 (Tex. App.-Dallas 2009, no pet.); *see Rivas v. Rivas,* 452 S.W.3d 49, 54 (Tex. App.-El Paso 2014, no pet.) (indicating family law issues such as property division,

conservatorship, visitation or child support are reviewed under an abuse of discretion standard); *Grayson v. Grayson,* 103 S.W.3d 559, 561 (Tex. App.-San Antonio 2003, no pet.) (same). A trial court abuses its discretion, so as to require reversal, when it acts arbitrarily or unreasonably without reference to any guiding rules or principles. *A.B.P.,* 291 S.W.3d at 95. In the family law context, insufficiency of the evidence does not constitute an independent ground for reversal error; rather, a claim that the evidence is insufficient to support the judgment is merely a relevant factor in determining whether the trial court abused its discretion. *Id.; Garza v. Garza,* 217 S.W.3d 538, 549 (Tex. App.-San Antonio 2006, no pet.). Accordingly, in determining whether a trial court abused its discretion, courts consider whether the trial court (i) had sufficient evidence upon which to exercise its discretion, and (ii) erred in its exercise of that discretion. *A.B.P.,* 291 S.W.3d at 95; *Grayson,* 103 S.W.3d at 561. The trial court does not abuse its discretion when some evidence of a probative and substantive character exists to support the decision. *Zieba v. Martin,* 928 S.W.2d 782, 787 (Tex.App.-Houston [14th Dist.] 1996, no writ). Courts view the evidence in the light most favorable to the trial court's decision and indulge every reasonable presumption in favor of the trial court's judgment. *Id.* at 791.

   **B.    The Law and Evidence Support the Court's Decision to Grant the Divorce on The Basis of Insupportability.**

7

Section 6.001 of the Texas Family Code sets out the elements for insupportability. *See* TEX. FAM. CODE ANN. § 6.001 (Vernon 2006). The ground of insupportability, which is commonly referred to as a no-fault divorce, contains three elements: (1) the marriage has become insupportable because of discord or conflict; (2) discord or conflict destroys the legitimate ends of the marriage; and (3) there is no reasonable expectation of reconciliation. *In re Marriage of Richards,* 991 S.W.2d 32, 37 (Tex. App.-Amarillo 1999, pet. dism'd). The sufficiency and weight of the evidence necessary to meet the requirements of insupportability must be left to the sound discretion of the court or jury trying the case. *Cusack v. Cusack,* 491 S.W.2d 714, 720 (Tex. Civ. App.-Corpus Christi 1973, writ dism'd).

Here, appellee testified that he was seeking a divorce on the basis of insupportability, meaning that he and appellant could no longer live as husband and wife and that he was not going to reconcile with appellant. (RR, 15). The trial court made a finding that "[t]he marriage of Petitioner and Respondent has become insupportable because of discord or conflict of personalities that destroys the legitimate ends of the marriage relationship and prevents any reasonable expectation of reconciliation." (CR 83). Appellant did not challenge this finding on appeal. Thus, there is sufficient evidence and a finding that support the trial court's decision to grant a divorce on that basis.

8

"When insupportability is relied on as a ground for divorce by the complaining spouse, if that ground is established by the evidence, a divorce must be granted the complaining party, without regard as to whether either, both or neither of the parties are responsible for or caused the insupportability." *Cusack*, at 717; see also, *Stecklein v. Stecklein*, 466 S.W.2d 421 (Tex.Civ.App. —San Antonio 1971, n. w. h.); *Phillips v. Phillips,* 75 S.W.3d 564, 576 (Tex. App.-Beaumont 2002, no pet.) (finding that it was legislature's intent to make decree of no-fault divorce mandatory if party alleges insupportability and establishes statutory elements). There is no abuse of discretion when the court does what the law mandates.

### C.    Appellant Waived the Cruelty Ground for Appellate Review.

A court is obligated (in a non-jury trial) to enter findings of fact and conclusions of law when they are timely requested. TEX. R. CIV. P. 296, 297. Once findings are entered, they serve to "form the basis of the judgment upon all grounds of recovery and of defense embraced therein." Tex.R. Civ. P. 299. Furthermore, "the judgment may not be supported upon appeal by a presumed finding upon any ground of recovery or defense, no element of which has been included in the findings...." *Id.*

Courts have construed those words to mean that one waives (for appellate purposes) a theory of recovery or defense unless the proponent of the theory secures a finding on the theory or an element of the theory. *Hill v. Hill,* 971 S.W.2d 153, 156

9

(Tex.App.-Amarillo 1998, no pet.); *Fielder v. Abel,* 680 S.W.2d 655, 656 (Tex.App.—Austin 1984, no writ); *Imatani v. Marmolejo,* 606 S.W.2d 710 (Tex.Civ.App.1980, no writ). And, the concept works to the detriment of both appellant and appellee. For instance, an appellant arguing that the trial court erred in rejecting his defense must make sure that he requested the court to make a finding upon the defense. If he does not, then the defense is waived. *Augusta Dev. Co. v. Fish Oil Well Serv'g Co.,* 761 S.W.2d 538, 542 (Tex.App.—Corpus Christi 1988, no writ). Similarly, if the appellee fails to request findings upon all his theories of recovery he is precluded from arguing that the court erred in failing to grant relief on the theories it omitted from its findings. *Fielder,* 680 S.W.2d at 656.

In this case, following the signing of the decree of divorce, appellant filed a request for findings of fact and conclusions of law. After getting notice that the findings were past due, the court made and filed certain findings of fact and conclusions of law including a finding that the marriage had become insupportable. None of the findings of fact or conclusions of law speak to the issue of cruelty as appellant claimed in her pleadings and in trial. At the time the trial court filed its findings of fact, appellant had the right to request additional or amended findings under Rule 298, T.R.C.P. Appellant, however, did not file a request for additional or amended findings of fact and conclusions of law and particularly, appellant made

10

no request for a specific finding on her cruelty issue. The failure to make such a request precludes appellant from arguing that the court erred in failing to grant her a divorce on the basis of cruelty.

In her brief, Appellant argues that appellee should have requested additional findings on appellant's cruelty ground and, because he did not, there is no support in the findings for the court's judgment denying her a divorce on such ground. (Appellant's Brief, pgs. 16-17). This claim overlooks the clear mandate of the rule and the case law that the proponent of the theory of recovery is the one that must secure a finding on the theory or an element of the theory to avoid waiver of the theory on appeals.  Because appellant failed to secure such a finding, she is precluded from arguing here that the trial court abused its discretion in not granting a divorce on her cruelty ground.

### D.    *No Reversible Error in Denying a Divorce on Fault Grounds Where Divorce is Still Granted.*

To obtain reversal of a judgment based upon an error in the trial court, the appellant must show that (1) the error occurred; and (2) it probably caused rendition of an improper judgment, or probably prevented the appellant from properly presenting the case to the appellate court. TEX. R. APP. P. 44.1(a); *Markowitz v. Markowitz*, 118 SW 3d 82, 92 (Tex.App.-Houston [14th Dist.] 2003, no writ). *In re*

11

*D.I.B.,* 988 S.W.2d 753, 756 n. 10 (Tex.1999); *Tex. Dep't of Human Servs. v. White,* 817 S.W.2d 62, 63 (Tex.1991).

In her brief, Appellant argue that there was sufficient evidence to grant a divorce on cruelty and that somehow she was harmed by the trial court not granting a divorce in her favor on her cruelty ground because the court did not consider fault in the division of the community estate. (Appellant's Brief, pgs. 18-22). These claims are fallacious for several reasons.

First, as the fact-finder, the trial court is the sole judge of a witness' credibility and the weight of his testimony. *See Tate v. Commodore County Mut. Ins. Co.,* 767 S.W.2d 219, 224 (Tex.App.-Dallas 1989, writ denied). The trial court has the right to accept or reject any part or all of a witness' testimony. *See Hood v. Texas Indem. Ins. Co.,* 146 Tex. 522, 209 S.W.2d 345, 346 (1948). It may believe one witness and disbelieve others. *See McGalliard v. Kuhlmann,* 722 S.W.2d 694, 697 (Tex.1986). Here, appellant presented evidence that appellee was cruel to her and appellee testified that he wanted a divorce, not because of fault on either party, but for the fact that they could not live together as husband and wife. By its ruling, the court accept appellee's testimony and rejected appellant's testimony on the issue of fault.

Second, there is nothing in the record to show that the court did not consider fault in the division of the estate. And, although fault in the breakup of the marriage

is a factor that the court may consider in the dividing the community property, it is not a factor that the court must consider. *Murff v. Murff,* 615 S.W.2d 696, 698 (Tex.1981). Hence, there is no abuse of discretion in not considering fault in the division of the estate. Lastly, assuming for argument purpose that the trial court erred in not granting a divorce on fault grounds, there is no reversible error here because appellant got what she asked for, her divorce.

### E.    Conclusion.

The evidence and the law support the trial court's decision to grant the divorce on the basis of insupportability. Additionally, appellant failed to preserve her complain that the court abused its discretion in not granting a divorce in her favor on fault grounds and/or failed to show that she was harmed by the court's ruling.

Under the facts of this case and the applicable law, this Court should overrule Appellant's Issue One.

**II.** **The Trial Court Did Not Abuse its Discretion in the Division of the Community Estate.**

Under Issue Number Two, Appellant argues that a new trial should be granted because the trial court failed to make a just and right division of the community estate. In support, Appellant argues that the court (1) failed to consider fault and the Murff factors; (2) failed to properly characterized some of the separate property; (3) awarded a disproportionate share to appellee and (4) failed to calculate a reconstitute community estate amount based on fraud. (Appellant's Brief, pgs. 22-35). All of these arguments are without merit.

### A. The Standard of Review.

In a divorce decree, the trial court shall divide the estate of the parties "in a manner that the court deems just and right." Tex. Fam.Code Ann. § 7.001 (Vernon 2006). Appellate courts review a trial court's division of property under an abuse of discretion standard. *Evans v. Evans,* 14 S.W.3d 343, 345-46 (Tex.App.-Houston [14th Dist.] 2000, no pet.). They apply the same two-prong test as previously stated to determine whether the trial court abused its discretion. *Sandone v. Miller-Sandone,* 116 S.W.3d 204, 206 (Tex.App.-El Paso 2003, no pet.). They must first ask whether the trial court had sufficient information upon which to exercise its discretion. *Evans,* 14 S.W.3d at 346. They then determine whether the trial court abused its discretion

by causing the division of property to be manifestly unjust or unfair. *Id.* The trial court does not abuse its discretion when some evidence of a probative and substantive character exists to support the division. *Zieba,* 928 S.W.2d at 787. The courts view the evidence in the light most favorable to the trial court's decision and indulge every reasonable presumption in favor of the trial court's judgment. *Id.* at 791.

### B.     The Court's Division of the Property was Not Unjust nor Unfair.

Based on the findings of fact and conclusions of law and supported by the evidence, the community property of the parties consisted of a homestead at 1701 Berry Road, Houston, Texas 77093, a 100 acre property in Chambers County, properties in Zacatecas and Jalisco, Mexico, money in the bank accounts and vehicles in their possession. (RR. 21-23; 33-41; CR. 85,86).

Appellee got $69,000 in equity on the homestead, $3,000 equity in the Zacatecas property in Mexico, $4,000 in checking accounts and $2,500 value of his vehicle. (CR. 54-56). He also got the $40,000 liability on the Chambers County Property award to him and $2,700 owed to IRS. (CR. 85,86). This gave him a total net share of the community estate of $35,800. Appellee got all the Jalisco properties, two of which had a combined value of $29,000 and a third property that no value was given. (CR. 56,85-86). She also got three vehicles in her possession valued at $13,500 and no community debt. (CR. 56, 85-86). This gave her a net share of the

community estate of $42,500. (CR. 85-86). The total value of the community estate including the debt is $78,300, giving appellant 54.3% and appellee 45.7% of the estate.

### 1.     Consideration of the Murff factors is discretionary.

Appellant contends that she pleaded several factors, including fault, the value and nature of the separate property, the disparity in ages and earning capacities and the parties' capacities and abilities to earn income, that should have been considered by the trial court in dividing the community estate and, based on the findings of fact and conclusions of law, the trial court did not take these factors into consideration in its division of the community estate. The court's failure to consider these factors was an abuse of discretions according to appellant. (Appellant's Brief, pgs. 23-25).

In *Murff,* 615 S.W.2d at 699, the Supreme Court approved consideration by the trial court of several factors in making a just and right division of the property including the ones listed by appellant in this case. The Court, however, did not say that a trial court must consider all the factors mentioned. Instead, the Court said "[i]n exercising its discretion the trial court may consider many factors and it is presumed that the trial court exercised its discretion properly. *Id., Bell v. Bell,* 513 S.W.2d 20, 22 (Tex.1974).

Here, in its findings of fact, the trial court mentioned some of the factors it

considered in dividing the property included the nature and value of the community property and the debt associated with it. Although it did not mention the parties' separate property and the ages and earning capacities and abilities as factors, there is no indication that she did not consider them in dividing the community estate. The court did acknowledge in its findings several pieces of properties and a business that were confirmed as appellee's separate property. In light of the fact that the equity in the property is not much, that appellee is taking on all the community debt and that appellant got more than fifty percent of the net equity in the community, this Court should find that there was no abuse of discretion in the approach taken by the trial court in dividing the estate.

2. **No abuse of discretion in the characterization of separate property.**

Appellant contends that the court failed to properly characterize the Los Alpes property in Zacatecas, Mexico and the Zapata property in Jalisco, Mexico. This mischaracterization affected Appellant's reimbursement claim and resulted in a disproportionate distribution of the community estate to appellee according to appellant. (Appellant's Brief, pgs. 25).

The character of marital property is determined by the inception of title rule. TEX. FAM. CODE ANN. § 3.006 (West 2011). Separate property includes property owned by a spouse before marriage and acquired by a spouse during marriage by gift,

17

devise, or descent. *Id.* § 3.001; TEX. CONST. art. XVI, § 15. Community property is property acquired by either spouse during the marriage that is not separate property. TEX. FAM. CODE ANN. § 3.002. On dissolution of a marriage, all property possessed by either spouse is presumed to be community property. *Id.* § 3.003(a). To overcome this presumption, a spouse must generally trace and identify, by clear and convincing evidence, the property it claims is separate property. *Bahr v. Kohr,* 980 S.W.2d 723, 728 (Tex.App.-San Antonio 1998, no pet.); TEX. FAM. CODE ANN. § 3.003(b). "Tracing involves establishing the separate origin of the property through evidence showing the time and means by which the spouse originally obtained possession of the property." *Boyd v. Boyd,* 131 S.W.3d 605, 612 (Tex.App.-Fort Worth 2004, no pet.). The clear and convincing evidence standard is generally "not satisfied by testimony that property... is separate property when that testimony is contradicted or unsupported by documentary evidence tracing the asserted separate nature of the property." *Graves v. Tomlinson,* 329 S.W.3d 128, 139 (Tex. App.-Houston [14th Dist.] 2010, pet. denied). Any doubt as to the character of property should be resolved in favor of the community estate. *Garza,* 217 S.W.3d at 548.

At trial, Appellee testified that he purchased the lot on Los Alpes property before the marriage and built a house on the property during the marriage. (RR. 76). Appellee's inventory states that the property is valued at $28,000, the house is

18

unfinished and has debt of $25,000. (RR. Exh. 17, p 6). Appellee also testified that the Zapata property in Jalisco, Mexico was purchased during the marriage. (RR. 71-72). Appellant testified that they built a house on the Los Alpes property during the marriage and the property is valued at $200,000. (RR. 141, 152). She also testified that she did not pay for Zapata property but got it from her mother as a gift. (RR. 150). Her sister corroborated appellant's testimony about the Zapata property. (RR. 179). No documentary evidence was introduced to support their claims as to the separate nature of the properties and as to the respective value of each. The court ruled that both of these properties were community property, accepted appellee's valuation and award each property to the party claiming that it was his/her separate property. (CR. 55, 56, 85).

As the fact-finder, the trial court is the sole judge of a witness' credibility and the weight of his testimony. *See Tate,* 767 S.W.2d at 224. The trial court has the right to accept or reject any part or all of a witness' testimony. *See Hood,* 146 Tex. 522, 209 S.W.2d at 346. It may believe one witness and disbelieve others. *See McGalliard v. Kuhlmann,* 722 S.W.2d 694, 697 (Tex.1986).

Based on the high burden of proof of clear and convincing evidence, the conflicting testimony and the lack of documentary evidence concerning these properties, the trial court was within her right to resolve any doubt in favor of the

19

community estate. Therefore, there was no abuse in the characterization of these properties.

**3. No abuse of discretion in the distribution of the community estate.**

Appellant contends that conflicts in the inventory and the findings as to the amount of debt associated with the community property awarded to appellee resulted in a disproportionate distribution of the community estate to appellee. (Appellant's Brief, pgs. 29-32). In support, Appellant argues that based on the value and the debt of the properties awarded to the parties per the court's findings, Appellant got a net amount of $29,000 or 48% of the community estate and appellee got $32,000 or 52% of the community. (RR. 30). However, if we consider appellee's doubtful, $65,000 debt claim on the Alpes property in his inventory, his net share would be $97,000, constituting 77% of the community estate. (RR. 31). This substantial different in awards is not equitable and constitutes an abuse of discretion in the division of the community property according to appellant. (RR. 32). This argument is without merit.

The trial court in a divorce case has the opportunity to observe the parties on the witness stand, determine their credibility, evaluate their needs and potentials, both social and economic. *Murff*, 615 S.W.2d at 700. As the trier of fact, the court is empowered to use its legal knowledge and its human understanding and experience.

20

*Id.* Although many divorce cases have similarities, no two of them are exactly alike. *Id.* Mathematical precision in dividing property in a divorce is usually not possible. *Id.* Wide latitude and discretion rests in these trial courts and that discretion should only be disturbed in the case of clear abuse. *Id.*

As was stated in response to point one above, the court's findings "form the basis of the judgment upon all grounds of recovery and of defense embraced therein." Tex.R. Civ. P. 299. Thus, the resolution of the amount of debt associated with the property awarded to appellee should be based on the court's findings and not on what appellee wrote in an inventory. Nowhere in the findings did the trial court say it was recognizing a $40,000 debt on the Alpes property. The court, as the ultimate fact-finder, did recognize the $25,000 debt that appellee said was owed to his brother in law. This debt is included in the calculations proposed by appellee above which gives appellant a 54% share of the community. Thus, although the mathematical calculations do not add up to a 50-50 split, the trial court exercised the best discretion allowed by the facts of this case in the distribution of the community property.

4. **Appellant failed to preserve the fraud and reconstitution issues for appellate review and there is no evidence of fraud.**

Appellant contends that the court abused its discretion in dividing the

21

community estate because it failed to calculate and divide a reconstituted estate based on fraud on the community. In support, appellant claims that she requested this relief in her pleadings and, because the court did not make a finding against her, the court was required to calculate the amount depleted, recalculate the value of the community estate and divide the community estate accordingly. (Appellant's Brief, pgs. 34-35).

Appellant failed to preserve this issue for appellate review because she failed to secure a finding on the issue. Appellee incorporates by reference the law and argument set forth in Argument I, C above. Additionally, appellant failed to present any legal authority in support of her claim that there was fraud on the community or her claim that the trial court must make a negate finding on her fraud claim or suffer the consequences of having to guess at an amount for the depleted property so it could reconstruct the amount of the community estate.

Lastly, as the fact-finder, the trial court is the sole judge of a witness' credibility and the weight of his testimony. *See Tate,* 767 S.W.2d at 224. The trial court has the right to accept or reject any part or all of a witness' testimony. *See Hood,* 146 Tex. 522, 209 S.W.2d at 346. It may believe one witness and disbelieve others. *See McGalliard ,* 722 S.W.2d at 697.

The reviewing court, on the other hand, is not a fact-finder and cannot pass upon a witness' credibility or substitute its judgment for that of the fact-finder even

22

if there is conflicting evidence that would support a different conclusion. *See Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986). Thus, there is no appellate review from a trial court's decision to find one fact as opposed to another so long as there is some evidence in the record which, if believed, would support the trial court's finding. *Vickery v. Comm'n for Lawyer Discipline,* 5 S.W.3d 241, 266 (Tex. App.-Houston [14th Dist.] 1999, pet. denied)(footnote 5).

All of the allegations of fraud are based on appellant's testimony and suppositions that appellant must have committed fraud because he did not deposit rental payments in a bank account and did not report these payments in his tax returns. Appellant testified that he used these money to pay expenses and take trips to Mexico with his wife. There is no evidence of fraud in this case and therefore, there was no abuse of discretion in the court not doing what is mandated in Section 7.009 of the Family Code.

### C.    Conclusion.

The evidence and the law support the trial court's just and right division of the community property. This Court should overrule Appellant's Issue Two.

**III.** **The Trial Court Did Not Abuse its Discretion in Denying Appellant's Reimbursement Claim.**

Under Issue Number Three, Appellant argues that a new trial should be granted because the trial court failed to dispose of her reimbursement claim. This argument is without merit because (1) appellant failed to preserve the issue for appellate review, (2) there is no separate estate to get reimbursement from and (3) appellant failed to present evidence on the amount of the claim.

**A.** **The Standard of Review.**

Appellee incorporates the standard of review set forth in Argument I.

**B.** **Appellant Waived the Reimbursement Ground for Appellate Review.**

Appellee incorporates the case law and arguments set forth in Argument I, C above. Because appellant failed to secure a finding on her reimbursement issue, she waived the issue for appellate review.

**C.** **No Funds Were Used to Enhance Appellee's Separate Property.**

Appellant's reimbursement claim is based on her prior argument in Issue Two that the Alpes property in Zacatecas, Mexico was appellee's separate property, that funds from the community estate were used to build a house on that property and therefore the community property should be reimbursed for those funds. Appellant is not claiming that funds or assets from her separate property were used to benefit

24

the community estate or appellee's separate property.

"The rule of reimbursement is purely an equitable one." *Vallone v. Vallone*, 644 S.W.2d 455, 458 (Tex.1982). A right of reimbursement arises when the funds or assets of one estate are used to benefit and enhance another estate without itself receiving some benefit. *Id.* at 459. A right of reimbursement also arises when community time, talent, and labor are used "to benefit and enhance a spouse's separate estate, beyond whatever care, attention, and expenditure are necessary for the proper maintenance and preservation of the separate estate, without the community receiving adequate compensation." *Id.*

Here, the trial court ruled that the Alpes property was community property. Therefore, appellant's argument fails because any community estate funds used to benefit the Alpes property were used to benefit the community estate itself.

### D. Appellant Failed to Present Sufficient Evidence to Support Her Claim.

A party claiming the right of reimbursement must plead and prove that the expenditures and improvements were made and that they are reimbursable. *Id.; Hailey v. Hailey,* 176 S.W.3d 374, 384 (Tex.App.-Houston [1st Dist.] 2004, no pet.). "Whether the situation involves the payment of a purchase money debt or a capital improvement, the enhancement value is the measure of reimbursement." *Zeptner v. Zeptner,* 111 S.W.3d 727, 735 (Tex.App.-Fort Worth 2003, no pet.) (citing *Penick v.*

*Penick,* 783 S.W.2d 194, 197 (Tex.1988)). The enhanced value of separate property is the difference between the fair market value before and after any improvements made by the community during the marriage. *Rogers v. Rogers,* 754 S.W.2d 236, 239 (Tex.App.-Houston [1st Dist.] 1988, no writ); *see also Anderson v. Gilliland,* 684 S.W.2d 673, 675 (Tex.1985).

Reimbursement is not available as a matter of law, but lies within the discretion of the court. *Vallone,* 644 S.W.2d at 459; *Zeptner,* 111 S.W.3d at 735. In evaluating the merits of a claim for reimbursement, the trial court should consider "all the facts and circumstances and determine what is fair, just, and equitable." *Penick v. Penick,* 783 S.W.2d 194, 197 (Tex.1988); *see also Zeptner,* 111 S.W.3d at 735. The trial court should not simply return to the spouse seeking reimbursement the actual amount advanced to the other spouse's separate estate without regard to the benefits received in turn by the community estate. *Penick,* 783 S.W.2d at 197-98; *Zeptner,* 111 S.W.3d at 735.

In her brief, appellant claims that the Alpes property is appellee's separate property, that $100,000 was sent to Mexico to build a house on that property and that she wanted reimbursement in the amount of $50,000 which represents one-half of the money sent for the construction. Even if we assume for sake of argument that the property is separate property, appellant's claim fails because no evidence was

presented as to the fair market value of the property before and after the improvements were made by the community property. Therefore, appellant was not entitled to reimbursement.

Based on the law and the evidence, this Court should overrule appellant's Issue Three.

**IV.  The Trial Court Did Not Abused Its Discretion in Setting Appellee's Monthly Child Support Obligation.**

### *A.  The Standard of Review.*

A trial court has discretion to set child support within the guidelines of the Texas Family Code. See, TEX. FAM. CODE ANN. § 154.121; *Rodriguez v. Rodriguez,* 860 S.W.2d 414, 415 (Tex.1993); *Roosth,* 889 S.W.2d 445, 452 (Tex.App.– Houston [14th Dist.] 1994, writ denied).  An amount of child support established by the guidelines is presumed to be reasonable, and a support order that conforms to the guidelines is presumed to be in the child's best interest. Tex. Fam. Code § 154.122(a).  Once the trial court, after evaluating all the evidence, has made its determination as to the amount of the child support obligation, that ruling will not be disturbed absent a clear abuse of discretion. *Rodriguez,* 860 S.W.2d at 415; *Wilemon v. Wilemon,* 930 S.W.2d 290, 293 (Tex.App.--Waco 1996, no writ).

The test for abuse of discretion is whether the trial court acted without

reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex.1985). In determining whether the trial court abused its discretion, the evidence is viewed in the light most favorable to the trial court's action, indulging every presumption in favor of the judgment. *In the Interest of D.S.*, 76 S.W.3d 512 (Tex.App.–Houston [14 Dist.] 2002). Legal and factual sufficiency claims are not independent grounds of error, but are incorporated into a determination of whether the trial court abused its discretion. See, *Wilemon*, 930 S.W.2d at 293. When a party asserts that the trial court abused its discretion due to a lack of evidence, courts have engaged in a two-pronged inquiry to determine whether the trial court (1) had sufficient information on which to exercise its discretion, and (2) erred in its application of discretion. *See, Swaab v. Swaab*, 282 S.W.3d 519, 525 (Tex.App.–Houston [14th Dist.] 2008)*; Zeifman v. Michels,* 212 S.W.3d 582, 588 (Tex.App.-Austin 2006, pet. denied). If some probative and substantive evidence supports the trial court's findings, the trial court does not abuse its discretion. *In re P.J.H.,* 25 S.W.3d 402, 405 (Tex.App.–Fort Worth 2000, no pet.).

## B. The Law and the Evidence Support the Trial Court's Determination.

Under Issue Four, Appellant contends that the trial court abused its discretion in setting appellee's child support obligation based on net resources as presented in

his financial statement instead of setting it based on an analyzes of the documents and testimony presented during the trial. This argument however is not supported by the trial court's findings and the evidence.

Appellant testified that he has averaged about $25,000 to $32,000 per year since 2007 and his gross income for 2013 was $31,202. (CR. 103, 113). He also testified that he pays child supports for one other child. (RR. 103). Based on this evidence, the percentage to be applied to appellee's net resources would be 22.5 percent since the number of children before the court was two. TEX. FAM. CODE ANN. § 154.129. In its findings, the court stated that it considered the testimony and evidence concerning appellee's gross self-employment income as a automobile repairman and his gross rental income from 2007 to the present. (CR. 85). The court also stated that the amount of child support ordered was according to the percentage guidelines. Id. The Court found that appellee's net resources per month were $2,023.37. Id. As a result, the court set the monthly support obligation at $457.20.

In her brief, Appellant conducts an analyzes of appellee's income tax returns including attached schedules, other monthly expenditures and receipts for rental payments and concludes that appellee is vague and deceptive in the way he reports income and expenditures and has greater gross income and net resources upon which to pay a greater amount of child support than the amount ordered. This opinion,

29

however, fails to recognize that the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Barrientos v. Nava,* 94 S.W.3d 270, 288 (Tex. App.–Houston [14th Dist.] 2002, no pet.). It also fails to recognize that this court cannot pass upon a witness' credibility or substitute its judgment for that of the fact-finder even if there is conflicting evidence that would support a different conclusion. *See Cain,* 709 S.W.2d at 176.

Because there is probative and substantive evidence to support the court decision, the trial court's determination of appellant's net resources and monthly support obligation was not arbitrary nor unreasonable. Therefore, there was no abuse of discretion in setting appellee's child support and this court should overruled appellant's Issue Four.

### CONCLUSION AND PRAYER

The record in this case does not support the allegations that the trial court abused its discretion in granting a divorce, dividing the community estate and in setting appellee's child support obligation.

WHEREFORE, Appellee prays that the judgment in this case be affirmed.

Respectfully submitted,

/s/ Renato Santos, Jr.
**RENATO SANTOS, JR.**
Counsel for Appellee

30

State Bar No. 17646450
3605 Katy Fwy., Suite 102
Houston, Texas 77007
Telephone: (713) 862-9631
Facsimile: (713) 862-9647
renato.santos3@att.net

## CERTIFICATE OF COMPLIANCE

The undersigned attorney for the appellee certifies that this document contains 6,722 words as indicated by the word-count function of the WordPerfect X5 computer program used to prepare it, excluding the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i) (1).

/s/ Renato Santos, Jr.
**RENATO SANTOS, JR.**

## CERTIFICATE OF SERVICE

The undersigned attorney for the appellee certifies that a copy of this brief was served on the following lead counsel for all parties to the trial court's judgment on the 19th day of June, 2015, as required by Texas Rule of Appellate Procedure 6.3 and 9.5(b), (d), (e), as follows: Ms. Judith A. Grantham, 1912 Vista Oaks Drive, Carrollton, TX 75007, Attorney for Susana Villalpando **By: Pro-Doc Electronic Service**.

/s/ Renato Santos, Jr.
**RENATO SANTOS, JR.**